747 So.2d 1066 (2000)
Tina Marie JONES, Appellant,
v.
Donald Jeff JOHNSON, Appellee.
No. 5D99-993.
District Court of Appeal of Florida, Fifth District.
January 14, 2000.
*1067 A. Kathleen McNeilly of A. Kathleen McNeilly & Associates, P.A., Deland, for Appellant.
Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellee.
W. SHARP, J.
Jones appeals from an order of the trial court which 1) awarded Johnson the primary residential custody of the parties' young daughter, 2) established such generous visitation for Jones that the arrangement, in essence, constitutes a rotating custody award, and 3) required Jones to pay Johnson child support of $285.13 per month (a 5% departure downwards from the guidelines). Based on a close review of the record, we cannot conclude the trial judge abused his discretion in making the rotating custody award and naming Johnson the parent with primary residential custody. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). However, we think the trial court erred in its determination of child support.
The trial court found Johnson's gross monthly income was $4,298.00 and his net was $3,508.74. It found Jones' gross monthly income was $1,500. Pursuant to the custody award, Jones has the child in her home Monday from 8:00 a.m. to Tuesday at 5:30 p.m., and Thursday from 8:00 a.m. to Saturday at 9:00 a.m.; roughly, three and one-half days per week. The parties also equally divide the obligation to deliver the child back and forth between their residences. This is, in effect, a "rotating" custody (sometimes called "split" custody) arrangement. Clarke v. Clarke, 619 So.2d 1046 (Fla. 5th DCA 1993).
Section 61.30(1) requires a deviation from the guidelines support amount in cases where a child is spending a "substantial amount of time" with both parents. It provides:
[T]he trier of fact shall order payment of child support which varies from the guideline amount as provided in paragraph (11)(b) whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with the primary and secondary residential parents.
Section 61.30(11)(b) provides:
(b) Whenever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support, based upon:
1. The amount of time each child will spend with each parent under the shared parental arrangement.
2. The needs of each child.
3. The direct and indirect financial expenses for each child. For purposes of this subparagraph, `direct financial expenses' means any expenses which are incurred directly on behalf of a child or in which a child directly participates, including, but not limited to, expenses relating to what a child eats or wears or schooling and extracurricular activities, and `indirect financial expenses' means any household expenses from which a child indirectly benefits, including, but not limited to, expenses relating to a mortgage, rent, utilities, automobile, and automobile insurance.
4. The comparative income of each parent, considering all relevant factors, as provided in s. 61.30(2)(a).
5. The station in life of each parent and each child.
6. The standard of living experienced by the entire family during the marriage.[1]
7. The financial status and ability of each parent.
This statute recognizes that in rotating custody situations, both parents necessarily will have to provide both direct and indirect expenses on the child's behalf. Both will have to adequately feed, clothe, and transport the child, and provide suitable accommodations to house the child whether it be a mortgage payment (in *1068 Johnson's situation) or rent (in Jones' situation). Any method of apportioning a support award should account for proration of time spent with the child, as well as the parties' incomes. For example, the court should 1) calculate the total child support award, and each parent's share under the guidelines as it is presently done; 2) determine the amount of time each parent has the child and reduce it to a percentage, e.g. each parent has the child 50% of the time; 3) proportion the total child support award to each parent, based on the percentage of time each parent has the child with him or her; and 4) offset each parent's dollar responsibility under the guidelines.
In this case, the total guidelines child support award for this child was $1,000 per month, with Jones responsible for $285 per month and Johnson responsible for $716. Since the parties have the child roughly 50% of the time, each parent should have available to him or her $500.00 per month (or 50% of the total guidelines amount) per month. Thereafter, the amount that Jones is responsible for should be deducted from the $500, so that she should not be required to pay Johnson child support. However this is worked out, it was error for the trial judge to require Jones to pay Johnson child support, in view of the fact that she earns far less per month than he does, and has custody of the child an equal amount of the time. When time is factored into the equation, it would have been more appropriate to require Johnson to pay Jones some child support. See Clarke; Devereaux v. Devereaux, 710 So.2d 1043 (Fla. 2nd DCA 1998); Brock v. Brock, 695 So.2d 744 (Fla. 1st DCA 1997); Gingola v. Velasco, 668 So.2d 1054 (Fla. 2nd DCA 1996), Winters v. Katseralis, 623 So.2d 613 (Fla. 2nd DCA 1993).
AFFIRMED in part, REMANDED to reconsider child support award.
HARRIS and PETERSON, JJ., concur.
NOTES
[1] This factor is not applicable to this case because the parties never married, although they lived together for a period of time before and after their child was born.