792 So.2d 605 (2001)
Helen G. COLE, Appellant,
v.
George A. COLE, II, Appellee.
No. 2D00-961.
District Court of Appeal of Florida, Second District.
August 15, 2001.
Bill Wiggins, Tampa, for Appellant.
Theodore J. Rechel of Rechel & Associates, P.A., Tampa, for Appellee.
*606 SILBERMAN, Judge.
Helen Cole appeals from a final judgment of dissolution of marriage. She argues that the trial court erred in ordering rotating custody of the two minor children and in calculating child support. We affirm the custody determination without comment, but we reverse for recomputation of the child support obligations.
Mrs. Cole argues and Mr. Cole concedes that in computing child support, the trial court erroneously relied on the formulas discussed in Gingola v. Velasco, 668 So.2d 1054 (Fla. 2d DCA 1996), and Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993). We agree because Gingola and Winters deal with split custody (each parent has primary residential custody of one or more of the children) as opposed to rotating custody (custody of a child alternates between the parents).
The Fifth District Court of Appeal in Jones v. Johnson, 747 So.2d 1066 (Fla. 5th DCA 2000), established the following formula for computing and apportioning each party's relative obligations for child support in rotating custody cases:
1) calculate the total child support award, and each parent's share under the guidelines as it is presently done;
2) determine the amount of time each parent has the child and reduce it to a percentage, e.g. each parent has the child 50% of the time;
3) proportion the total child support award to each parent, based on the percentage of time each parent has the child with him or her; and
4) offset each parent's dollar responsibility under the guidelines.
Id. at 1068.
The formula in Jones takes into account the requirements of section 61.30(11)(b), Florida Statutes (1999), and the circumstances involved in rotating custody cases. We recognize that the trial court did not have the benefit of Jones; however, we conclude that the trial court must recompute the amount of child support and each party's responsibility for child support, in accordance with section 61.30, Florida Statutes (1999), and the formula in Jones.
Reversed and remanded.
PARKER, A.C.J., and FULMER, J., concur.