798 So.2d 888 (2001)
Bruce GUTTLER, Appellant,
v.
Dona GUTTLER, Appellee.
No. 4D01-248.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
Cynthia L. Greene of Law Offices of Cynthia L. Greene & Associates, P.A., Miami, and Law Offices of Feinberg & Maidenbaum, Hollywood, for appellant.
Dona Cohen Guttler, Weston, pro se.
PER CURIAM.
We affirm the final judgment in all respects but one.
The trial court found that under the statutory guidelines, total child support was $1,251 per month. The court failed to properly apply section 61.30(11)(b), Florida Statutes (1999), which provides that the court "shall adjust any award of child support" when a shared parental arrangement provides that a child spends a "substantial amount of time with each parent." Id. (Emphasis supplied).
In this case, the child will spend 46% of his time with the father, an amount that meets the statutory definition of "substantial." See Arze v. Sadough-Arze, 789 *889 So.2d 1141, 1144 (Fla. 4th DCA 2001) (holding that when a child spent 44% of his time with the husband it was "substantial" under the statute). We note that the 2001 amendment to section 61.30(11) defines a "substantial amount of time" as meaning "that the noncustodial parent exercises visitation at least 40 percent of the overnights of the year." Ch.2001-158, § 16, at 19, Laws of Fla.
On remand, the trial court shall apply the amended version of section 61.30, which took effect on July 1, 2001. Ch.2001-158, § 16, Laws of Fla.; see Arze, 789 So.2d at 1144-45 (pointing out that the 2001 amendments to section 61.30(11) were "remedial legislation that may be retroactively applied").
GUNTHER, WARNER and GROSS, JJ., concur.