819 So.2d 275 (2002)
Kirby C. RAINSBERGER, Appellant,
v.
Diana RAINSBERGER n/k/a Diana Mason, Appellee.
No. 2D01-896.
District Court of Appeal of Florida, Second District.
June 28, 2002.
*276 Kirby C. Rainsberger, pro se.
No appearance for Appellee Diana Rainsberger n/k/a Diana Mason.
FULMER, Judge.
The former husband, Kirby Rainsberger ("the Husband"), appeals from an order modifying child support. Because the trial court erred in failing to utilize the child support guidelines that were in effect at the time of the hearing and in ordering the Husband to pay certain expenses in addition to the support, we reverse.
The trial court concluded that the Husband was not entitled to any offset in child support based on the amount of time he spent with the child. The Husband argues that he is entitled to an offset under the amended version of section 61.30, Florida Statutes, which became effective on October 1, 1999. We agree. "A trial court must apply the child support guidelines as amended to a case that is pending when the amendment becomes effective." Zucker v. Zucker, 774 So.2d 890, 892 (Fla. 4th DCA 2001); see also Whight v. Whight, 635 So.2d 135, 138 (Fla. 1st DCA 1994). The amended version of the statute, which was in effect at the time of the hearing of April 4, 2000, was the correct law to be applied.
Under the amended version of the statute, a trial court is required to vary the guideline amount if a child is required "to spend a substantial amount of time with the primary and secondary residential parents." § 61.30(1)(a), Fla. Stat. (1999). Here, the parties' custody agreement called for the Wife to have residential custody for nine consecutive days, followed by the Husband having custody for five consecutive days, and for the child to spend one-half of the summer, approximately five weeks, with each parent. Thus, because this is essentially a rotating custody arrangement, in order to satisfy section 61.30, the formula for computing child support set out in Jones v. Johnson, 747 So.2d 1066, 1067 (Fla. 5th DCA 2000), should have been applied here. See Cole v. Cole, 792 So.2d 605, 606 (Fla. 2d DCA 2001) (adopting the analysis in Jones). Under this formula, a trial court should: (1) calculate the total child support award and each parent's share under the guidelines; (2) determine the amount of time each parent has the child and reduce it to a percentage; (3) proportion the total child support award to each parent, based on the percentage of time each parent has the child with him or her; and (4) offset each parent's dollar responsibility under the guidelines. Jones, 747 So.2d at 1068; Cole, 792 So.2d at 606. Because the trial court's calculation did not account for the amount of time that the child spent with the Husband, on remand the trial court should recalculate the support using the formula set out in Jones.
The Husband also argues that the trial court's order erroneously requires *277 him to pay, in addition to child support, half of all specified expenses which are considered outside the scope of child support as outlined in the court's February 1995 order. These expenses include summer activities and extracurricular activities approved by both parties. He asserts that by continuing this provision, he is being ordered to pay in excess of the maximum guideline support. We agree. On remand, the trial court should remove the requirement that the Husband be responsible for expenses considered outside the scope of child support.
Reversed and remanded.
STRINGER and DAVIS, JJ., concur.