830 So.2d 922 (2002)
Ramon SANTIAGO, Appellant,
v.
Kimberly F. Mire SANTIAGO, Appellee.
No. 4D01-3900.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
William M. Layton, Lake Worth, for appellant.
Robert H. Springer of Robert H. Springer, P.A., Lake Worth, for appellee.
STEVENSON, J.
Ramon and Kimberly Santiago married in July 1996 and have two sons, Zachary and Nicholas. In February of 2000, the couple sought dissolution of the marriage with each parent seeking to be named the children's primary residential custodian and the award of child support. The trial court dissolved the marriage, named the former wife as the primary residential custodian of Zachary and Nicholas, granted the former husband liberal visitation, and directed the former husband to pay $1,249 per month in child support to the former wife. In the instant appeal, the former husband challenges the trial court's designation *923 of the former wife as the primary residential custodian and the amount of the child support award. We affirm the custody designation, but reverse the award of child support for recalculation under the guidelines.
First, with respect to the trial court's designation of the former wife as the primary residential custodian, on the record provided, we simply cannot find that the trial court abused its discretion. We reject the former husband's argument that the time the child spends with each parent, which can be ascertained from the face of the judgment in this case, is determinative. See § 61.13(3), Fla. Stat. (2001)(listing the numerous factors that trial judges are to consider in making a primary residential parent designation); Undercuffler v. Undercuffler, 798 So.2d 867 (Fla. 4th DCA 2001).
With that, we turn to the former husband's contention that the visitation schedule in the final judgment provides that the boys stay overnight with him more than fifty percent of the time and, therefore, he is entitled to a reduction of his child support pursuant to section 61.30(11)(b), Florida Statutes (2001). See § 61.30(11)(b)10. (providing that a "`substantial amount of time' means that the noncustodial parent exercises visitation at least 40 percent of the overnights of the year"). The former wife does not dispute that the $1,249 award does not take into account the substantial overnights that the children are spending with the former husband. Instead, she contends that since the former husband did not seek a reduction of his child support in the petition for dissolution and the former husband has failed to provide this court with a transcript of the proceedings below, there is no way to determine if the former husband requested such relief from the trial court.
While we are sensitive to the preservation concerns raised by the former wife, the language of the statute is mandatory, providing "[w]henever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of support as follows ...." § 61.30(11)(b) (emphasis added). Consequently, even if the husband did not make a request for the reduction, the trial court was required to comply with the statute. Moreover, here, our review of the record indicates that, in a timely filed motion for rehearing, the former husband did indeed direct the trial judge to the statute and request a reduction in his child support obligation. Consequently, the trial court erred in failing to reduce the former husband's child support award pursuant to section 61.30(11)(b) when this issue was brought to its attention. Accordingly, we reverse the child support award and remand so that each parent's respective child support obligations can be recalculated consistent with section 61.30(11)(b).
AFFIRMED in part, REVERSED in part, and REMANDED.
TAYLOR, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur and would only note that the motion for rehearing most likely was the first time appellant may have had to raise the issue of child support reduction, as he would not have known until actual entry of the final judgment what custody split the court would order.