848 So.2d 1250 (2003)
Paul J. MIGLIORE, Appellant,
v.
Sandra A. HARRIS, Appellee.
No. 4D02-3614.
District Court of Appeal of Florida, Fourth District.
July 9, 2003.
*1251 Paul J. Migliore, Jupiter, pro se.
Robert H. Springer, P.A., Lake Worth, for appellee.
MAY, J.
A father appeals the denial of his motion to vacate a trial court order, which modified a final judgment with regard to child support. He raises two issues. One is evidentiary in nature and the other concerns the court's compliance with section 61.30(11)(b), Florida Statutes (2001). We agree that the court failed to comply with the mandatory language of section 61.30(11)(b) and reverse.
On June 19, 1997, a trial court awarded residential custody of the children to the mother. Two years later, on May 7, 1999, the parties entered into a settlement agreement, which modified the final judgment to include shared parental responsibility. The trial court approved the modification. As a result of the agreement, the father received additional holidays with the children.
On March 23, 2000, the mother filed a petition for modification requesting to relocate to Connecticut. The trial court denied the petition on August 30, 2000. Following an amendment to section 61.30, the father petitioned to modify his child support obligation. See § 61.30(11)(b), Fla. Stat. (2001); Ch. 01-158, § 16, Laws of Fla.
The court held a hearing on the petition for modification. Over the father's objection, the court reviewed calendars that the mother had kept detailing the father's visitation during 1999, 2000, and 2001. The court found that the father had 129 overnight visits in 1999, 117 overnight visits in 2000, and 132 overnight visits in 2001. The court found that the number of exercised visits by the father over the last three years were less than the statutory 40% or 146 visits needed to constitute a "substantial amount of time." See § 61.30(11)(b)10.
The court found that neither the settlement agreement nor court order "required" the children to spend a substantial amount of time with the father. However, the court found that "if the [father] were to exercise all possible time set forth by Court Order, it would indeed meet the requirement for substantial time requiring the court to adjust the [father's] child support obligation accordingly." The court *1252 then concluded that the adjustment under section 61.30(11)(b) was not "mandatory" because the father's visitation with the children was not "required."
The trial court ordered the parties to complete the child support guidelines without applying the formula for substantial time-sharing, and directed that once the father's support was calculated, his obligation "shall be reduced by 5% for consideration of the significant amount of time he spends with the children."
The father argues that the trial court erred in failing to apply the formula set forth in section 61.30(11)(b), because the agreed visitation arrangement gave him sufficient overnight visits to satisfy the statute's application. He further argues that the trial court should not have considered the "history" of the father's adherence to the visitation schedule prior to the petition to modify, but rather the amount of time provided for by the agreement. The mother argues that the father had never used all of the time allotted to him and was not therefore entitled to the reduction in child support.
Section 61.30(11)(b) states that "[w]henever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support ...." § 61.30(11)(b). This provision is mandatory. See Guttler v. Guttler, 798 So.2d 888 (Fla. 4th DCA 2001). Section 61.30(11)(b)10. defines a "substantial amount of time" as occurring when "the noncustodial parent exercises visitation at least 40 percent of the overnights of the year."
Based on the plain language of the statute, the trial court was required to adjust the child support obligation under section 61.30(11)(b). In the event the father subsequently failed to exercise the 40% visitation requirement, the mother is provided a remedy under section 61.30(11)(c), Florida Statutes (2001). That section deems a noncustodial parent's failure to exercise its agreed visitation to be a "a substantial change of circumstances for purposes of modifying the child support award." It further provides for retroactive modification to the date the noncustodial parent first fails "to regularly exercise court-ordered or agreed visitation." Id.
To apply the remedy before the adjustment is made is placing the cart before the horse. See McDaniel v. McDaniel, 835 So.2d 1265 (Fla. 1st DCA 2003) (trial court erred by increasing the mother's child support for father's noncompliance where the child support amount had never been adjusted pursuant to section 61.30(11)(a) or (b)). In doing so, the trial court erred.
The father's second issue concerns the trial court's consideration of the calendars concerning the father's visitation, kept by the mother for the three years preceding the father's request for modification. He argues that this evidence should not have been admitted because the mother failed to disclose the calendars, pursuant to Family Law Rule 12.440(a). In light of our holding on the proper application of the statute, the issue is rendered moot.
Reversed and remanded for further proceedings consistent with this opinion.
SHAHOOD and TAYLOR, JJ., concur.