859 So.2d 570 (2003)
Richard F. SEIBERLICH, Appellant,
v.
Sherry E. WOLF, f/k/a Sherry E. Seiberlich, Appellee.
No. 5D03-492.
District Court of Appeal of Florida, Fifth District.
November 21, 2003.
Richard F. Seiberlich, Ocala, Pro se.
No Appearance for Appellee.
TORPY, J.
In this child support modification proceeding, Appellant sought a reduction in his support obligation based upon a reduction in his income and his having the child a "substantial amount of time" pursuant to a shared parental arrangement. The trial court granted the reduction based on Appellant's income change but denied a further reduction due to the time sharing arrangement. Because the lower court based its decision to deny the further reduction on an incorrect legal premise, we reverse and remand this cause for further consideration.
In connection with their divorce proceeding, the parties entered into a settlement agreement in December of 2000, which was incorporated into a final judgment. Under the agreement, Appellee was given primary residential responsibility of the parties' minor child, and Appellant was ordered to pay child support based upon the guidelines but without reduction due to substantial time sharing. Appellant was granted visitation amounting to slightly over 45% of the total overnights. In July of 2001, Appellant petitioned for a downward modification of his child support obligation alleging a substantial change in his circumstances and further requesting that the child support guidelines be followed.
*571 On January 13, 2003, the trial court entered an order granting a reduction in child support but rejecting Appellant's argument that he was entitled to a further reduction based on the fact that he met the statutory definition of having the child a "substantial amount of time." § 61.30(11)(b), Fla. Stat. (2001). The trial court's reasoning was that Appellant chose "to settle the issues of child support and visitation by settlement agreement rather than try those issues to the court." Apparently, the lower court believed that Appellant's agreement to pay more support than required by law precluded him from seeking a modification. Appellant timely appeals this order.
The issues in this case are governed by section 61.30, Florida Statutes (2001), which provides in relevant part as follows:
61.30. Child support guidelines; retroactive child support
(1)(a) The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter. The trier of fact may order payment of child support which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate. Notwithstanding the variance limitations of this section, the trier of fact shall order payment of child support which varies from the guideline amount as provided in paragraph (11)(b) whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with the primary and secondary residential parents. This requirement applies to any living arrangement, whether temporary or permanent.
§ 61.30(1)(a), Fla. Stat. (2001) (emphasis supplied).
This section makes clear that the presumptive guideline amount must be applied in modification proceedings. Furthermore, the reduction in support due to substantial time sharing is mandatory. Migliore v. Harris, 848 So.2d 1250 (Fla. 4th DCA 2003); Santiago v. Santiago, 830 So.2d 922 (Fla. 4th DCA 2002). This case is unlike Knight v. Knight, 702 So.2d 242 (Fla. 4th DCA 1997), and its progeny, which preclude downward modification of support when the only basis for finding a change of circumstances is that the guideline formula results in lower payments. Here, the court found an independent basis for its determination that the circumstances had changed. Therefore, at that point, the court was obligated to consider all statutory criteria in arriving at the appropriate support amount including the time sharing arrangements. See Niemann v. Anderson, 834 So.2d 319 (Fla. 5th DCA 2003).
REVERSED and REMANDED.
SHARP, W., and PETERSON, JJ., concur.