FLETCHER, Judge.
These appeals arise from a breach of contract class action filed by retired City of Miami employees who continued their participation in the City’s group health insurance plan after their retirement. The issue is whether the forms signed by the employees upon their retirement contractually obligated the City to provide group health insurance coverage to the retirees and their dependents in perpetuity at a fixed rate. For the following reasons, we reverse the final summary judgment which determined the issue in favor of the retirees.
As part of its retirement process, the City extended to eligible employees the opportunity to continue their group health insurance coverage. During the time period relevant to this class action (approximately 1971-1983), the City asked those employees who were retiring to fill out and sign a short form, which varied somewhat through the years. The form basically asked the employees if they wished to continue participating in the health insurance program and, if so, to authorize the deduction of their health insurance premiums from their pension checks. The premium amounts shown on the forms were the employees’ contributions in effect on the date of their retirement.
In 1982, the City increased the health insurance premiums for both its active employees and participating retirees. Thereafter the insurance fund was reviewed annually and subsequent changes to the employees’ and retirees’ contributions were made when the changes became necessary by rising health costs. The instant action challenging the rate increases was filed by several retirees or their survivors. They claim that the forms the employees signed at the time of their retirement, together with the annual booklets describing the plan benefits, constituted binding contracts which permanently fixed their monthly premiums at the rate indicated therein. After considering motions and memoranda of law filed by both sides, the trial court granted sum *400 mary judgment to. some of the plaintiffs.[1] In so ruling, the trial court found the forms signed by the retirees to be enforceable contracts, which, in the absence of any mention of future premium increases; bound the City to provide insurance coverage to the retirees indefinitely in accordance with the rates stated in the forms. The final summary judgment was appealed by both the City and the excluded retirees.
We look to a well-established principle of contract law for resolution of the issue presented herein. In order for there to be a legally enforceable agreement, whether oral or in writing, the parties must have had a meeting of the minds, i.e., an agreement, as to its essential terms. See, e.g., Winter Haven Citrus Growers Ass’n v. Campbell & Sons Fruit Co., 773 So.2d 96 (Fla. 2d DCA 2000); Metropolitan Dade County v. Estate of Merida Hernandez, 591 So.2d 1124 (Fla. 3d DCA 1992); David v. Richman, 528 So.2d 25 (Fla. 3d DCA 1988). In reviewing the various forms signed by the retirees, we clearly identify an authorization by the retirees to have their contribution or premium for health insurance coverage deducted .from their pension payments. While the forms included either the amount paid by the retiree as a contribution or premium, or an election by the retiree of the desired coverage and corresponding premium, with the amount shown as that in effect at the time of retirement, this information was necessary in order for the correct deduction to be made from each retiree’s pension payment. The forms simply gave the retirees who wished to continue participating in the City’s health insurance plan a method for paying their contribution or premium cost. There is nothing in the forms whereby one could conclude that the parties agreed that the contribution or premium amount shown on the form would continue unchanged.
The judgment below is reversed and the case remanded for such further action as is consistent with this opinion.

. The trial court limited the judgment to the class of members who retired prior to June 15, 1976, those who retired between October 1, 1980 and June 21, 1981, and those who retired after June 22, 1981, with damages in the latter group limited to retirees and not their dependents.