898 So.2d 1028 (2005)
James CHEVERIE, Appellant,
v.
Marla CHEVERIE, Appellee.
No. 5D04-1156.
District Court of Appeal of Florida, Fifth District.
March 11, 2005.
*1029 Frederick T. Lowe, of Florida Law Group, L.L.C., Tampa, for Appellant.
Dawn Weiger O'Neill, Clearwater, for Appellee.
MONACO, J.
We have for review the trial court's application of section 61.30(11)(b), Florida Statutes (2004), which concerns the quantum of child support to be awarded in cases involving a shared parental arrangement where the non-custodial parent spends a "substantial amount of time" with the child. Because the trial court's order did not recognize the mandatory nature of this legislation, we reverse.
The former husband, James Cheverie, appeals the Final Judgment of Dissolution of Marriage that terminated the marriage between the appellee, Marla Cheverie, and himself. In addition to dissolving the marriage and dividing the assets of the parties, the final judgment ordered a shared parental arrangement, designated the former wife as primary residential parent, and ordered Mr. Cheverie to pay $576.00 per month in child support. The trial court adjusted the support award downward by 5% because of the amount of visitation allowed to Mr. Cheverie.
After entry of the final judgment, Mr. Cheverie sought clarification and reconsideration of the child support issue because the child was allowed under the visitation schedule to spend more than 40% of the overnights with him. The trial court denied the motion and noted that the amount of visitation that he ordered, particularly summer vacation, was specifically based on the former husband's not using the substantial time he was awarded as a justification to seek reduced child support. Mr. Cheverie appeals this issue.
Section 61.30(11)(b), Florida Statutes (2004) provides that:
Whenever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support ...
(Emphasis added). Section 61.30(11)(b)(10) defines a "substantial amount of time" as meaning "that the non-custodial parent exercises visitation at least 40 percent of the overnights of the year." See Guttler v. Guttler, 798 So.2d 888, 889 (Fla. 4th DCA 2001) (citing Ch.2001-158, § 16, at 19, Laws of Fla.). This provision is mandatory. See Seiberlich v. Wolf, 859 So.2d 570 (Fla. 5th DCA 2003); Migliore v. Harris, 848 So.2d 1250 (Fla. 4th DCA 2003); Guttler.
Here, the amount of time the child is to spend with the former husband is greater than 40% of the overnights. Consequently, based on the plain language of the statute, the trial court must vary the guideline in accordance with the legislative requirement. See § 61.30(1)(a), Fla. Stat. (2004); Rainsberger v. Rainsberger, 819 So.2d 275, 276 (Fla. 2d DCA 2002). If Mr. Cheverie fails to avail himself of his court-authorized 40% visitation privilege, Mrs. Cheverie is provided a remedy under section 61.30(11)(c). That statutory provision deems a noncustodial parent's failure to exercise visitation as a substantial change of circumstances for purposes of modifying the award of child support, and provides for retroactive application of the remedy. See Migliore.
Accordingly, we reverse that part of the Final Judgment of Dissolution setting child support and remand for further proceedings consistent with this opinion. We have considered the other matters raised by Mr. Cheverie, and find them to be without merit.
*1030 AFFIRMED in part, REVERSED in part, and REMANDED.
SAWAYA, C.J. and PETERSON, J., concur.