899 So.2d 387 (2005)
Michael F. KEELEY, Appellant,
v.
Caroline KEELEY, Appellee.
No. 2D03-4917.
District Court of Appeal of Florida, Second District.
March 30, 2005.
Rehearing Denied April 18, 2005.
Rehearing Denied April 25, 2005.
*388 Tarya A. Tribble of Tribble Law Center, P.A., Riverview, for Appellant.
Jan Soeten, Jr. of Brandon Law Offices of Jan Soeten, Jr., P.A., Brandon, for Appellee.
SILBERMAN, Judge.
Michael F. Keeley, the Former Husband, appeals the Amendment to Final Judgment of Dissolution of Marriage. The amendment addressed several issues that remained pending between the Former Husband and Caroline Keeley, the Former Wife. We affirm the trial court's decision regarding the Former Husband's request for a retroactive reduction in his child support obligation, but we reverse as to the modification that the court made concerning his prospective support obligation. We also reverse the trial court's fee award to the Former Wife and remand for the trial court to make required findings. We affirm without discussion the trial court's treatment of the Former Husband's child support arrearage.
As part of the postdissolution proceedings, the Former Husband sought retroactive reduction of his child support obligation pursuant to section 61.30(11)(b)(10), Florida Statutes (2003). Section 61.30(11)(b) provides that "[w]henever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support." Subsection (11)(b)(10) states that "[f]or purposes of adjusting any award of child support under this paragraph, `substantial amount of time' means that the noncustodial parent exercises visitation at least 40 percent of the overnights of the year." (Emphasis added.)
The trial court found that the parties' shared parental arrangement contemplated that the Former Husband should have 40% to 42% of the yearly overnights with the children. However, based on the evidence, the trial court found "that the Father has not actually had the children for greater than 39% of the year's overnights through and including the date of trial; therefore, this court denies the Father's request to modify the child support retroactive to 2001."
The record supports the trial court's findings as to the actual amount of past visitation exercised by the Former Husband. Because the Former Husband did not establish that he met the statutory requirements to justify a retroactive adjustment, we affirm the denial of a retroactive reduction in child support.
Concerning future child support, the trial court increased the amount to be paid by the Former Husband. In doing so, the court did not make any adjustment pursuant to section 61.30(11)(b). The Former Husband argues, and we agree, that this was error.
In Migliore v. Harris, 848 So.2d 1250 (Fla. 4th DCA 2003), the court addressed a situation similar to the one here. There, the father historically had exercised visits that amounted to less than the 40% needed to constitute a substantial amount of time under section 61.30(11)(b)(10). However, the agreed visitation schedule gave the father sufficient overnight visits that, if exercised, would satisfy the statutory requirements. Id. at 1251. Although the trial court made an adjustment to the father's support obligation, it did not do so in accordance with the statutory formula. The Fourth District concluded that the trial court erred because the visitation schedule met the requirements of section 61.30(11)(b)(10) and, as a result, the statutory adjustment "is mandatory." Id. at 1252. The court stated that

*389 the trial court was required to adjust the child support obligation under section 61.30(11)(b). In the event the father subsequently failed to exercise the 40% visitation requirement, the mother is provided a remedy under section 61.30(11)(c), Florida Statutes (2001). That section deems a noncustodial parent's failure to exercise its agreed visitation to be a[sic] "a substantial change of circumstances for purposes of modifying the child support award." It further provides for retroactive modification to the date the noncustodial parent first fails "to regularly exercise court-ordered or agreed visitation." Id.

To apply the remedy before the adjustment is made is placing the cart before the horse.
Id. (emphasis added).
Here, the trial court's order approved a visitation schedule that provides the Former Husband with 40% to 42% of the yearly overnight visits. Pursuant to section 61.30(11)(b) and consistent with Migliore, the trial court should have adjusted the Former Husband's prospective child support obligation to take into account the substantial amount of visitation time reflected by the visitation schedule. If, in the future, the Former Husband does not regularly exercise at least 40% of the overnight visits, the Former Wife may seek a modification of child support pursuant to section 61.30(11)(c), retroactive to the date the Former Husband first failed to regularly exercise at least that level of visitation. Accordingly, we reverse the amendment to the final judgment to the extent that the trial court failed to adjust the Former Husband's prospective child support obligation in accordance with section 61.30(11)(b), and we remand for the trial court to make the required adjustment.
Regarding the award of attorney's fees to the Former Wife, the trial court found that the Former Wife has a need for the Former Husband to pay $66,709.25 in fees, costs, and suit money, "all of which are reasonable time spent and hourly rates." However, the court found that "the Former Husband currently only has the ability to pay $15,000.00 of these fees and costs," and it ordered payment of $15,000 within thirty days of the date of the order.
The Former Husband argues that in making the award, the trial court failed to consider the relative financial conditions of the parties. Because the record supports the trial court's determination of need and ability to pay, we reject this argument.
The Former Husband also argues that the trial court did not make findings as required by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Rowe requires that in computing a fee award, the trial court must make specific findings and should
(1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
Id. at 1151-52. These principles apply in a dissolution proceeding, and the court must also consider the financial resources of the parties and other circumstances. See Beck v. Beck, 852 So.2d 934, 938 (Fla. 2d DCA 2003). Because the trial court did not make the requisite findings, reversal is required. On remand, the trial court must *390 make specific findings as discussed in Rowe.
In summary, we (1) affirm the trial court's treatment of the Former Husband's child support arrearage; (2) affirm the denial of the Former Husband's request for retroactive reduction in child support; (3) reverse the amount of prospective child support and remand for the trial court to make the required adjustment pursuant to section 61.30(11)(b); (4) affirm the trial court's determination that the Former Wife is entitled to an award of fees and costs; and (5) reverse the amount of fees and costs awarded and remand for the trial court to reconsider the amount and to make specific findings to support the amount awarded.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.