PER CURIAM.
Appellant, Joseph D. Hecht, appeals the circuit court’s order granting his Supplemental Petition for Modification of Child Support to the extent that the court refused to apply the substantial parenting formula provided for in section 61.30(ll)(b), Florida Statutes (2002), in calculating his child support obligation. Because we agree that the circuit court was required to apply the substantial parenting formula after finding that appellant has his three children for approximately forty percent of the overnights, we reverse.
Pursuant to section 61.30(ll)(b), Florida Statutes (2002), any time a particular shared parenting arrangement provides that each child spend “a substantial amount of time with each parent,” which is defined as at least forty percent of the overnights of the year, the court shall adjust any child support award according to the statutory directives. The circuit court may deviate from the child support award calculated under the substantial parenting formula based upon considerations set forth in section 61.30(ll)(a), “as well as the custodial parent’s low income and ability to maintain the basic necessities of the home for the child, the likelihood that the noncustodial parent will actually exercise the visitation granted by the court, and whether all of the children are exercising the same shared parental arrangement.” § 61.30(ll)(b)9., Fla. Stat. (2002).
In the instant case, the circuit court found, and the visitation award reflects, that appellant enjoys parenting time with the children that approximates forty percent of the overnights per year. Therefore, appellant was entitled to have his child support obligation calculated pursuant to the substantial parenting formula. See Jensen v. Jensen, 824 So.2d 315, 322 (Fla. 1st DCA 2002); Migliore v. Harris, 848 So.2d 1250, 1252 (Fla. 4th DCA 2003). However, the circuit court refused to apply the formula without stating any statutorily authorized justification for deviating from a child support amount calculated pursuant to section 61.30(ll)(b). Circuit courts are without authority to entirely ignore the *549 substantial parenting formula, as the court did here, and may only deviate from the amount calculated pursuant to the formula where doing so is justified by an enumerated consideration. See Migliore, 848 So.2d at 1251 (stating that the language of section 61.30(11)(b) is mandatory); Constantino v. Constantino, 823 So.2d 155, 157-58 (Fla. 4th DCA 2002) (finding that the trial court reversibly erred in failing to calculate a child support award pursuant to the formula and noting that section 61.30(11)(b) provides a presumptive award, which a trial court may deviate from in setting the final support obligation). On remand, if the trial court finds that the evidence supports a statutorily enumerated reason for deviation, it may deviate from the presumptive child support award after the substantial parenting formula is applied.
Accordingly, we REVERSE the trial court’s order to the extent that it failed to apply the substantial parenting formula and REMAND the cause for recalculation of appellant’s child support obligation pursuant to section 61.30(ll)(b).
KAHN, C.J.; BROWNING and LEWIS, JJ., concur.