909 So.2d 396 (2005)
Timothy HARWOOD, Appellant,
v.
YING LI, Appellee.
No. 4D04-1872.
District Court of Appeal of Florida, Fourth District.
August 10, 2005.
Kathleen K. Pena of the Law Offices of Kathleen K. Pena, Pembroke Pines, for appellant.
Ying Li, Plantation, Pro Se.
TAYLOR, J.
The former husband appeals the trial court's denial of his supplemental petition for modification of child support. His petition was based in part on his substantial time sharing with the minor child. We reverse, because the trial court erred in ruling that it cannot, as a matter of law, retroactively apply section 61.30(11)(b), Florida Statutes (2003), which mandates adjusting a child support award when a *397 child spends a substantial amount of time with each parent.
The parties last sought modification of child support in July 1999, before the amendments to section 61.30(11)(b) created a procedure for factoring substantial time sharing into child support calculations. Section 61.30(1)(a), Florida Statutes (2003), provides:
The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter.
...
Notwithstanding the variance limitations of this section, the trier of fact shall order payment of child support which varies from the guideline amount as provided in paragraph (11)(b) whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with the primary and secondary residential parents. This requirement applies to any living arrangement, whether temporary or permanent.
A "substantial amount of time" is defined in section 61.30(11)(b)10 as an arrangement where the non-custodial parent exercises visitation at least 40 percent of the overnights of the year.
Section 61.30(11) is mandatory and applies in both initial and modification proceedings for child support. See Seiberlich v. Wolf, 859 So.2d 570 (Fla. 5th DCA 2003) (holding that F.S. section 61.30(11)(b) also applies to modification proceedings where initial agreed upon guidelines child support did not take into account a parent's substantial time sharing with the minor child); Santiago v. Santiago, 830 So.2d 922, 923 (Fla. 4th DCA 2002) (holding that the language of the statute is mandatory and finding an abuse of discretion where the trial court failed to reduce the former husband's child support award even though he did not request it); Keeley v. Keeley, 899 So.2d 387 (Fla. 2d DCA 2005) (holding that the statutory adjustment is mandatory); Migliore v. Harris, 848 So.2d 1250 (Fla. 4th DCA 2003) (holding that the trial court was required to adjust the child support obligation under section 61.30(11)(b)).
In this case the court determined that the child spends greater than 43% of the time with the father and acknowledged that such an amount of time is "substantial" under the statute mandating adjustment of child support. But the court erroneously ruled that it was precluded as a matter of law from applying section 61.30(11)(b) to the former husband because he filed his petition for dissolution in July 1999, before the effective date of the enactment.
We have previously held that section 61.30(11)(b) and its amendments can be applied retroactively because they are remedial laws that do not create new rights or liabilities but further or confirm rights already established by section 61.30 in 1987, when the guidelines were first enacted. See Arze v. Sadough-Arze, 789 So.2d 1141, 1144-45 (Fla. 4th DCA 2001); Guttler v. Guttler, 798 So.2d 888 (Fla. 4th DCA 2001); Undercuffler v. Undercuffler, 798 So.2d 867 (Fla. 4th DCA 2001).
Accordingly, we reverse and remand for further proceedings.
Reversed and Remanded.
STEVENSON, C.J., and HAZOURI, J., concur.