913 So.2d 767 (2005)
Joseph H. BUHLER, Appellant,
v.
Karen J. BUHLER, Appellee.
No. 5D05-804.
District Court of Appeal of Florida, Fifth District.
November 10, 2005.
*768 Billy Thomas, West Melbourne, for Appellant.
No Appearance for Appellee.
ORFINGER, J.
Joseph H. Buhler, the father, appeals the trial court's order modifying his child support obligation. He contends that the trial court should have reduced his support obligation pursuant to section 61.30(11)(b), Florida Statutes (2003), because he has visitation with the children a substantial amount of time. We agree and reverse.
Section 61.30(11)(b), Florida Statutes (2003), states that "[w]henever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support.. . ." Section 61.30(11)(b)(10), Florida Statutes (2003), defines a "substantial amount of time" to mean "that the non-custodial parent exercises visitation at least 40 percent of the overnights of the year." See Guttler v. Guttler, 798 So.2d 888, 889 (Fla. 4th DCA 2001). Applying this provision is mandatory. Cheverie v. Cheverie, 898 So.2d 1028, 1029 (Fla. 5th DCA 2005); see Seiberlich v. Wolf, 859 So.2d 570, 571 (Fla. 5th DCA 2003); Migliore v. Harris, 848 So.2d 1250, 1252 (Fla. 4th DCA 2003).
Here, the visitation order reflects that the children will spend more than 40 percent of the overnights with the father.[1] Consequently, the plain language of the statute required the trial court to adjust the father's child support obligation in accordance with the legislative requirement. See § 61.30(1)(a), Fla. Stat. (2003); Rainsberger v. Rainsberger, 819 So.2d 275, 276 (Fla. 2d DCA 2002).
*769 The trial court declined to apply the adjustment, reasoning that in the past, the father had not spent 40 percent of overnights yearly with the children. That was error. See Migliore (finding that although father historically had exercised visits that amounted to less than 40 percent, the agreed visitation schedule gave father more than 40 percent overnights, and, therefore, the court was required to calculate the child support award pursuant to the "substantial time" formula); see also Keeley v. Keeley, 899 So.2d 387 (Fla. 2d DCA 2005) (holding that former husband was entitled to downward adjustment of future child support payments, where agreed visitation schedule gave him sufficient overnight visits to satisfy statutory requirements, should he exercise such rights, and where former wife retained right to seek retroactive modification of child support should he fail to do so); Cheverie (holding that former husband whose court-ordered parenting time with child was greater than 40 percent of overnights in year was entitled to downward departure of child support).
If, in the future, the father does not regularly exercise at least 40 percent of the overnight visits, the mother may seek a modification of child support pursuant to section 61.30(11)(c), Florida Statutes (2003), which considers a noncustodial parent's failure to exercise visitation as a substantial change of circumstances for purposes of modifying the award of child support, and provides for retroactive application back to the date that the father first failed to regularly exercise at least that level of visitation. See Keeley; Cheverie; Migliore.
Accordingly, we reverse and remand with directions that the trial court adjust the father's child support obligation in accordance with section 61.30(11)(b), Florida Statutes (2005).
REVERSED AND REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] The supplemental final judgment provides that the children will spend approximately 48 percent of the overnights available in a given year with the father.