920 So.2d 645 (2005)
Edrulfo Antonio LARGAESPADA, Appellant,
v.
Maria Raquel Chamorro LARGAESPADA, Appellee.
No. 3D04-1625.
District Court of Appeal of Florida, Third District.
December 14, 2005.
Steven N. Abramowitz, Miami, for appellant.
Laura De Ona; Greene Smith McMillan and Cynthia L. Greene, Miami, for appellee.
Before LEVY and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
During a post-final judgment of dissolution hearing concerning the appellant-father's support and visitation rights with his five-year-old child, he stated that if he were granted six, rather than five, overnight visits during every fourteen-day period, he would forego the right conferred by section 61.30(11)(b), Florida Statutes (2005),[1] to a reduction of child support. *646 The appellee-mother did not agree to and the trial court did not order the six overnights which were a condition of the "offer." Instead, after subsequent hearings, the parties agreed to five overnights. Notwithstanding, in the order under review, the trial court held that the father had in fact waived his section 61.30(11)(b) rights. We reverse on the basis of the elementary principle that an unaccepted offer cannot form the basis of an enforceable agreement. See State v. Family Bank of Hallandale, 623 So.2d 474, 480 (Fla.1993)("Absent mutual assent, neither the contract nor any of its provisions come into existence."); City Of Miami v. Case, 882 So.2d 398, 400 (Fla. 3d DCA 2004)("In order for there to be a legally enforceable agreement, whether oral or in writing, the parties must have had a meeting of the minds, i.e., an agreement, as to its essential terms."), review denied, 909 So.2d 861 (Fla.2005); Sorocka v. Severe, 858 So.2d 388, 389 (Fla. 3d DCA 2003)("An acceptance is effective to create a contract only if it is absolute and unconditional, and identical with the terms of the offer.").
It is clear that, in the thus-determined absence of a valid contrary agreement, the father is unequivocally entitled to a statutory reduction in support under the circumstances. The judgment awards the father five overnights per two-week period plus additional custody for the summer and holidays. This amounts to at least 146 overnights a year, the "40 percent" provided by section 61.30(11)(b)10 to require a reduction in support. See Mitchell v. Mitchell, 841 So.2d 564 (Fla. 2d DCA 2003), review dismissed, 846 So.2d 1148 (Fla.2003); Jensen v. Jensen, 824 So.2d 315 (Fla. 1st DCA 2002), review denied, 842 So.2d 844 (Fla.2003); see generally Buhler v. Buhler, 913 So.2d 767 (Fla. 5th DCA 2005) and cases cited; Harwood v. Ying Li, 909 So.2d 396 (Fla. 4th DCA 2005); Santiago v. Santiago, 830 So.2d 922 (Fla. 4th DCA 2002). We therefore reverse the order below and remand with directions to compute and effect the reduction.
Reversed and remanded.
NOTES
[1] Section 61.30(11)(b) provides

Whenever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support, as follows:
1. In accordance with subsections (9) and (10), calculate the amount of support obligation apportioned to the noncustodial parent without including day care and health insurance costs in the calculation and multiply the amount by 1.5.
2. In accordance with subsections (9) and (10), calculate the amount of support obligation apportioned to the custodial parent without including day care and health insurance costs in the calculation and multiply the amount by 1.5.
3. Calculate the percentage of overnight stays the child spends with each parent.
4. Multiply the noncustodial parent's support obligation as calculated in subparagraph 1. by the percentage of the custodial parent's overnight stays with the child as calculated in subparagraph 3.
5. Multiply the custodial parent's support obligation as calculated in subparagraph 2. by the percentage of the noncustodial parent's overnight stays with the child as calculated in subparagraph 3.
6. The difference between the amounts calculated in subparagraphs 4. and 5. shall be the monetary transfer necessary between the custodial and noncustodial parents for the care of the child, subject to an adjustment for day care and health insurance expenses.
* * *
8. Adjust the support obligation owed by the custodial or noncustodial parent pursuant to subparagraph 6. by crediting or debiting the amount calculated in subparagraph 7. This amount represents the child support which must be exchanged between the custodial and noncustodial parents.
* * *
10. For purposes of adjusting any award of child support under this paragraph, "substantial amount of time" means that the noncustodial parent exercises visitation at least 40 percent of the overnights of the year.