972 So.2d 1095 (2008)
Paul H. JAWORSKI, Appellant,
v.
Lori L. JAWORSKI, Appellee.
Nos. 2D05-4717, 2D05-5277.
District Court of Appeal of Florida, Second District.
January 25, 2008.
Michael R. Walsh and Susan W. Savard of Michael R. Walsh, P.A., Orlando, for Appellant.
Jaime L. Wallace of Jaime L. Wallace, P.A., Sarasota, for Appellee.
KELLY, Judge.
Paul H. Jaworski, the former husband, appeals from an amended final judgment dissolving his marriage to Lori L. Jaworski, the former wife. We reverse because the trial court erred in calculating child support and in requiring the former husband to maintain a two-million-dollar life insurance policy on himself to secure the payment of alimony. We affirm the amended final judgment in all other respects.
*1096 The former husband argues that in computing child support, the trial court incorrectly relied on the guideline formula utilized in cases where one parent has been designated as the primary residential parent. See § 61.30(11)(b), Fla. Stat. (2004). We agree because here, the parties had rotating custody of their two children.
In determining a parent's child support obligation in a rotating custody case, the trial court should: (1) calculate the total child support award and each parent's share under the guidelines; (2) determine the amount of time each parent has the child and reduce it to a percentage; (3) proportion the total child support award to each parent, based on the percentage of time each parent has the child with him or her; and (4) offset each parent's dollar responsibility under the guidelines. Jones v. Johnson, 747 So.2d 1066, 1068 (Fla. 5th DCA 2000); see also Cole v. Cole, 792 So.2d 605, 606 (Fla. 2d DCA 2001). Because the trial court failed to consider in its calculation the amount of time each parent spends with the children, on remand the trial court must recalculate the child support award in accordance with the formula established in Jones.
We also agree with the former husband that requiring him to maintain a two-million-dollar life insurance policy to secure his alimony obligation was error. Although it is within the court's discretion to require a party ordered to pay alimony to purchase or maintain a life insurance policy to secure the award, such a requirement is "justified only if there is a demonstrated need to protect the alimony recipient." Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988); see also Solomon v. Solomon, 861 So.2d 1218, 1221 (Fla. 2d DCA 2003). The trial court made no finding that there was a need to secure the former wife's alimony nor does the record demonstrate that such a need exists. See Solomon, 861 So.2d at 1221. "In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing alimony obligations." Pinion v. Pinion, 818 So.2d 557, 557 (Fla. 2d DCA 2002); see also Cozier v. Cozier, 819 So.2d 834, 837 (Fla. 2d DCA 2002). There are no special circumstances which would support the requirement that the former husband secure his alimony obligation with a life insurance policy. Thus, on remand, the court shall strike this requirement in the amended final judgment. See Solomon, 861 So.2d at 1222.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
DAVIS and SILBERMAN, JJ., Concur.