MONACO, C.J.
 

 We affirm the final judgment of dissolution of marriage between the appellant, Christopher Hayde, and his former wife, the appellee, Winnifred Hayde, in all respects save one. It appears from the record that the trial court may not have considered the substantial visitation awarded Mr. Hayde with respect to the minor children of this marriage. Section 61.30(ll)(b), Florida Statutes (2009), requires the court to do so.
 

 Section 61.30(ll)(b) provides that when a parenting plan authorizes a child to spend a “substantial” amount of time with each parent, the trial court “shall adjust any award of child support” in accordance with a formula set forth in the statute. The requirement of the statute is mandatory.
 
 See Cheverie v. Cheverie,
 
 898 So.2d 1028, 1029 (Fla. 5th DCA 2005);
 
 Seiberlich v. Wolf,
 
 859 So.2d 570 (Fla. 5th DCA 2003). Section 61.30(11)(b)8. defines “substantial” as meaning “that a parent exercises visitation at least 40 percent of the overnights of the year.”
 

 In the present ease Mr. Hayde is granted in excess of 40 percent of the overnights, yet the face of the judgment does not reflect that this fact was taken into account by the trial court in awarding child support. Accordingly, we remand the judgment to the trial court so that it can either explain with particularity its reasons for ordering the amount of child support, or recalculate the child support in the manner required by the statute. Otherwise, the judgment is affirmed.
 

 
 *1090
 
 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 SAWAYA and LAWSON, JJ., concur.