COHEN, J.
The legal issue involved in this case is rather straightforward, but requires some context. When the parties were initially divorced, the final judgment did not set out a specific visitation schedule; instead, it provided for liberal visitation. Subsequently, the former husband petitioned for modification, seeking a structured visitation schedule. The trial court granted the petition and entered a schedule which provided the former husband with approximately forty-eight percent of the overnights of the year, a substantial amount of time pursuant to section 61.30(ll)(b)10., Florida Statutes (2003).[1] However, in reducing the former husband’s support obligation, the trial court refused to lower his support obligation based upon the amount of days ordered in the new schedule. Rather, the court reduced the support amount based upon the former husband’s historical exercise of visitation.[2]
On appeal, we reversed, finding the trial court erred in utilizing a historical methodology and holding the court should have reduced the child support obligation in accordance with the legislative substantial time formula under section 61.30(ll)(b). Buhler v. Buhler, 913 So.2d 767, 769 (Fla. 5th DCA 2005). Prophetically, we noted:
If, in the future, the father does not regularly exercise at least 40 percent of *792 the overnight visits, the mother may seek a modification of child support pursuant to section 61.80(ll)(c), Florida Statutes (2003), which considers a noncustodial parent’s failure to exercise visitation as a substantial change of circumstances for purposes of modifying the award of child support, and provides for retroactive application back to the date that the father first failed to regularly exercise at least that level of visitation.

Id.

Virtually before the ink dried on the mandate, the former husband filed a petition for modification and the former wife a counter-petition, the substance of which are only tangentially relevant to the issues of this appeal. In July 2007, the former wife was allowed to amend her counter-petition. She sought to alter the previously ordered visitation schedule and for an increase in child support. The former wife averred that the former husband was not exercising the visitation set out in the supplemental final judgment and that she was entitled to an award of child support that did not provide for a reduction of support under section 61.30(ll)(b). The former wife requested child support be recalculated retroactively to the first day of the month in which the former husband ceased to exercise visitation with the minor children.
A trial was conducted on the supplemental petitions. The trial court found the former husband ceased exercising his visitation in June 2006. However, the court awarded retroactive child support to July 2007, the date the former wife filed her amended counter-petition seeking a modification of support.
We previously held that application of section 61.30(ll)(b) is mandatory. Seiberlich v. Wolf, 859 So.2d 570, 571 (Fla. 5th DCA 2003). Florida law mandates a reduction in child support whenever the non-custodial parent spends a “substantial amount of time” with the child. § 61.30(l)(a), Fla. Stat. (2006). It seems intuitive that, conversely, the failure to spend time with a child mandates forfeiture of the right to a reduction in child support. The Legislature has specifically provided that a parent’s failure to exercise court-ordered or agreed-upon time-sharing, not caused by the other parent, resulting in the adjustment of child support “shall be deemed a substantial change of circumstances ....” § 61.30(ll)(c), Fla. Stat. (2001). That modification is “retroactive to the date the noncustodial parent first failed to regularly exercise court-ordered or agreed visitation.” Id.
Determination of when the failure to exercise visitation has occurred is not instantaneous. Missing an occasional visitation will not give rise to such a finding. By its nature, it occurs over a period of time, and during that time frame, the nonresidential parent still benefits from a reduction in what the child support guidelines would otherwise have required. The statute is unambiguous and our prior opinion in Buhler is clear. The modification of child support should have been retroactive to June 2006, the date on which regular visitation under the court-ordered schedule was found to have ceased.
The former wife also argued the trial court abused its discretion in awarding a standard “long distance guideline” visitation schedule without consideration of the individualized facts and circumstances of these parties. At oral argument, the former wife conceded the visitation issue raised on appeal was moot.
REVERSED AND REMANDED.
TORPY and JACOBUS, JJ„ concur.

. Effective January 1, 2011, the statute, renumbered 61.30(1 l)(b)8., was amended to provide “[flor purposes of adjusting any award of child support under this paragraph, 'substantial amount of time’ means that a parent exercises time-sharing at least 20 percent of the overnights of the year.” Ch. 2010-199, § 5, at 13, Laws of Fla.

. A different judge handled the prior proceedings.