PER CURIAM.
John Garren, the father, seeks review of a final judgment of paternity. He raises several issues, only one of which has merit. The father argues, and we agree, that the trial court erred in failing to reduce the father’s child-support obligation under section 61.30(ll)(b), Florida Statutes (2011),* based on the time-sharing schedule the court ordered. As did the court in Buhler v. Buhler, 913 So.2d 767, 768 (Fla. 5th DCA 2005), we note that this reduction is mandatory when the time-sharing schedule provides for the child to be with the nonresidential parent for a substantial amount of time, as that concept is defined in the statute. If the father does not regularly exercise a substantial amount of time-sharing with the child, the mother may seek modification of the child-support order on that basis. § 61.30(ll)(c), Fla. Stat. (2011); Buhler, 913 So.2d at 769. At this time, however, we reverse and remand for application of the section 61.30(ll)(b) variance. In all other respects, the final judgment of paternity is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
BENTON, C.J., ROBERTS, J., and WRIGHT, WILLIAM L., Associate Judge, concur.

The applicable version of section 61.30 became effective on January 1, 2011, during the pendency of the case before the trial court. Ch.2010-199, § 5, at 13, Laws of Fla.