NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| LISA G. ANDREWS, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 2D16-238 |
| | ) |
| JAMES P. ANDREWS, | ) |
| | ) |
| Appellee. | ) |
| | ) |

Opinion filed June 9, 2017.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Sheila Skellie of Law Office of David J.
Kurland, Largo, for Appellant.

Matthew E. Thatcher of The Solomon Law
Group, P.A., Tampa, for Appellee.

SLEET, Judge.

Lisa G. Andrews challenges the trial court's final order granting her former

husband James P. Andrews' motion for modification of alimony and child support. In

the order, the trial court concluded that Mr. Andrews had established a substantial and

unanticipated change of circumstances and reduced his alimony and child support

obligations. We reverse only that portion of the court's order that directs Mrs. Andrews

to pay $521 a month in child support to her former husband prospectively until the parties' second oldest child's eighteenth birthday. We affirm the final order in all other aspects.

Section 61.30(11)(c), Florida Statutes (2015), allows for modification of a child support award based on one parent's failure to exercise the parties' time-sharing schedule, and the statute directs that modification shall be retroactive to the date the parent first failed to exercise time-sharing. Here, the trial court made a finding that Mrs. Andrews had failed to exercise her time-sharing since September 1, 2014, but it did not order a modification of the parties' time-sharing schedule. As such, we conclude, and Mr. Andrews concedes, that Mrs. Andrews' prospective monthly payment of the $521 was not warranted. See Buhler v. Buhler, 83 So. 3d 790, 792 (Fla. 5th DCA 2011) (recognizing that "[b]y its nature," a parent's failure to exercise time-sharing "occurs over a period of time" and that pursuant to section 61.30(11)(c), "during that time frame" the other parent is entitled to a modification in the child support award (emphasis added)).

On remand, the trial court shall amend the final order to reflect that Mrs. Andrews is only responsible for the $521 payment from September 1, 2014—the date she first failed to exercise her time-sharing—to December 16, 2015—the date the final order was rendered. If in the future Mrs. Andrews continues to fail to exercise her time-sharing, Mr. Andrews may seek further modification of the child support award and a modification of the time-sharing schedule. We affirm the final order in all other respects.

Affirmed in part, reversed in part, and remanded.

CASANUEVA, J., and CASE, JAMES, R., ASSOCIATE SENIOR JUDGE, Concur.