DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KRISTIN MYERS,**
Appellant,

v.

**GEOFFREY LANE,**
Appellee.

No. 4D18-3681

[October 23, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 502013DR011042XXXXSB.

Laura M. Arcaro of Arcaro Law Group, P.A., Fort Lauderdale, for appellant.

Jennifer Labbe of Trial Lawyers Group, Wellington, and Marc M. Cohen of Marc M. Cohen, P.A., Boynton Beach, for appellee.

DAMOORGIAN, J.

Appellant, Kristin Myers, appeals a final judgment denying her petition for modification of the final judgment of dissolution of marriage. Myers assigns error to the trial court's denial of her (1) request to modify the timesharing plan, and (2) request to modify child support. We affirm without further comment the trial court's ruling on Myers' request to modify the timesharing plan. As to the second issue, we reverse, concluding that Myers was entitled to a modification in the amount of child support she received for the parties' middle child ("M.L.").

Myers argues that the trial court's finding that her former husband, Geoffrey Lane, failed to exercise timesharing with M.L. qualifies as a substantial change in circumstances requiring the modification of child support. Lane counters that the trial court did not have jurisdiction to consider child support modification because it was referred to the General Magistrate. We find no merit to this argument. Alternatively, he argues there was no evidence of financial change in circumstance to support a modification of child support.

Section 61.30(11)(c), Florida Statutes (2014), provides:

> A parent's failure to regularly exercise the time-sharing schedule set forth in the parenting plan, a court-ordered time-sharing schedule, or a time-sharing arrangement exercised by agreement of the parties not caused by the other parent which resulted in the adjustment of the amount of child support pursuant to subparagraph (a)10. or paragraph (b) shall be deemed a substantial change of circumstances for purposes of modifying the child support award. A modification pursuant to this paragraph is retroactive to the date the noncustodial parent first failed to regularly exercise the court-ordered or agreed time-sharing schedule.

In *Buhler v. Buhler*, the court held that section 61.30(11)(c) "considers a noncustodial parent's failure to exercise visitation as a substantial change of circumstances for purposes of modifying the award of child support, and provides for retroactive application back to the date that the father first failed to regularly exercise at least that level of visitation." 913 So. 2d 767, 769 (Fla. 5th DCA 2005), *on remand Buhler v. Buhler*, 83 So. 3d 790 (Fla. 5th DCA 2011).

Here, the trial court made specific findings that Lane failed to exercise his court ordered timesharing with M.L:

> Former Husband's allegations of a strained relationship with M.L. are due to his own actions in failing to exercise timesharing and for all intents and purposes abandoning M.L.

> The Court finds that Former Husband did not purchase an airline ticket for M.L. to visit him during the winter break of 2016 or 2017. The Court finds that the Former Husband has ultimately abandoned M.L. by not upholding his obligation in purchasing airline tickets for the minor child, but continuing to purchase them for A.L.

Lane's failure to exercise his court ordered timesharing entitled Myers to a modification of child support under section 61.30(11)(c), Florida Statutes. Accordingly, we reverse and remand for the trial court to recalculate child support retroactive to the date Lane first failed to regularly exercise the court ordered timesharing schedule with M.L., through M.L. reaching the age of majority.

2

*Affirmed in part, reversed in part, and remanded.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***