McCAIN, Judge.
Plaintiff J. Rolfe Davis, Inc., appeals an order setting aside a jury verdict in its favor and granting defendants a new trial.[1] We reverse.
Plaintiff contracted with Lease-Bak, Inc. to secure tenants for its proposed shopping center, and proceeded to obtain a proposed lease from a grocery chain and a letter of intent from a drug chain.
Lease-Bak did not develop the shopping center but sold it to defendants. Upon learning of the proposed sale plaintiff advised defendants in writing of its interest, thereby placing defendants on actual notice of the agreement between Lease-Bak and plaintiff. The sale proceeded and was conditioned upon the purchasers’ successful negotiation of leases with the aforementioned grocery and drug chains. The grocery chain signed a lease before sale and the drug chain did so thereafter.
Plaintiff then sued defendants in two counts. Count I of the amended complaint was a quasi contract claim based on unjust enrichment and asserted: plaintiff’s contract with Lease-Bak to furnish services as agent and representative to secure tenants for the proposed shopping center; compliance therewith; the sale of the property to defendants; the lease arrangements between defendants and the chain stores; and that defendants, with full knowledge of both plaintiff’s contract and its services, took advantage thereof and were unjustly enriched at the expense of plaintiff.
Count II asserted a tort claim arising out of the same circumstances and alleged that defendants, knowing of the services rendered by plaintiff, purchased the property, continued negotiations with the prospective tenants procured by the plaintiff and intentionally refused to recognize plaintiff’s rights under the latter’s agreement with Lease-Bak, thereby interfering with the advantageous business relationship of the plaintiff with Lease-Bak.
Fraud is not a necessary element in every action for an intentional and unjustified interference with an advantageous business relationship. If neither the pleadings nor proof raise it then an instruction on fraud is not required.[2]
*441 An instruction on fraud was not applicable in this instance, and accordingly this cause is hereby reversed and remanded with instructions to the trial court to enter an appropriate judgment on the verdict favoring plaintiff.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, C. J., concurs in conclusion.

. Because of the court’s refusal to give defendants’ requested instruction, which stated: “In the instant case the plaintiff maintains that the defendants, Donald Symon and James O. Tully, interfered with the advantageous business relationship which it had with Lease-Bak, Inc. and Joseph T. Blume and Ethel O. Blume. Before the plaintiff is entitled to recover it must not only prove the existence of a business relationship, but it must also prove that in order to secure an advantage the defendants, Mr. Symon and Mr. Tully, by fraud induced the plaintiff’s said business associates to act in a way which destroyed the plaintiff’s business relationship.” (Emphasis added.)

. See 9 A.L.R.2d 228-271; Community Cablecasting Corp. v. Daniels & Assoc. Inc., Fla.App.1968, 215 So.2d 17; Dade Enterprises, Inc. v. Wometco Theatres, Inc., 1935, 119 Fla. 70, 160 So. 209, Retzky v. J. A. Cantor Assoc., Inc., Fla.App.1966, 192 So.2d 24; Mead Corporation v. Mason, Fla.App.1966, 191 So.2d 592. But see John B. Reid & Associates, Inc. v. Jimenez, Fla.App.1966, 181 So.2d 575, citing Franklin v. Brown, Fla.App. 1964, 159 So.2d 893. In Franklin, however, the court was faced with suppression of truth by failure to make disclosure where there was a duty to do so.