335 So.2d 641 (1976)
Tony SMITH, Appellant,
v.
The OCEAN STATE BANK, Appellee.
No. Z-154.
District Court of Appeal of Florida, First District.
August 3, 1976.
*642 Thomas A. Larkin, Jacksonville, for appellant.
James E. Hodge of Foerster & Hodge, Jacksonville, for appellee.
McCORD, Judge.
The trial court dismissed appellant's second amended counterclaim and entered summary judgment for appellee on appellee's suit against appellant upon a note. Appellee contends the trial court erred in dismissing the second amended counterclaim in that it stated a cause of action for intentional and unjustified interference with a business relationship. Appellee contends that the counterclaim is cast as a suit for tortious interference with contract rights. Since it did not appear to this court that the trial court considered the contentions here made by appellant, we temporarily relinquished jurisdiction to the trial court for such consideration and further order. The order has now been entered and it states that the trial court fully considered both contentions of appellant and found that the second amended counterclaim did not state a cause of action under either theory stating,
"This court considers `intentional and unjustified' interference with a business relationship to be one and the same as `tortious' interference with a business relationship. This court also considers tortious interference with contract rights to be included within the definition of `tortious interference with a business relationship.'"
The second amended counterclaim alleges in substance that on August 21, 1974, Tony Smith (appellant) borrowed $16,293.43 from The Ocean State Bank (appellee) and gave the bank a personal note therefor; that Smith used the proceeds from the loan to purchase silver through the American Coin Exchange which purchase in no way involved the bank; that prior to the due date of the note, the vice-president of the bank contacted an agent of the American Coin Exchange by telephone on two occasions and each time advised the agent "that Mr. Tony Smith had no right to use the proceeds of the loan which the bank had made to Mr. Smith for the purchase of silver and that The Ocean State Bank was entitled to any proceeds resulting from said purchase" which statement was untrue; that as a result of the bank's malicious, wanton and unlawful interference with the contractual relationship between Smith and the American Coin Exchange, said relationship was disrupted and destroyed and the Exchange refused to sell the silver and give him the proceeds without the approval of the bank "and all assets were thereupon frozen"; that as a result of the actions of the bank, Smith sustained certain losses and damages which were set forth in the second amended counterclaim.
As the trial judge pointed out, tortious interference with a contract and tortious interference with a business relationship are basically the same cause of action. The only material difference appears to be that in one there is a contract and in the other there is only a business relationship.
In 45 Am.Jur.2d Interference, § 39, we find the following with reference to tortious interference with contractual rights:
"A party to a contract, whether of employment or otherwise, has a right of action against a person who had procured a breach or termination of the contract by the other party thereto. The theory of this doctrine is that the right to perform a contract and to reap the profits resulting from such performance, and also the right to performance by the other party, are property rights which entitle each party to protection against all the world, and to seek compensation by action in tort for any injuries to such contract. The interest protected has been said to be the right of the individual to security in his business relations, that is, the right to have preserved the undertaking of persons with whom he has commercial dealings.
* * * * * *

*643 The elements essential to recovery for tortious interference with a contract are: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) damages resulting therefrom."
Under § 50 of the same heading relating to interference with business relationship we find the following:
"The basic elements which establish a prima facie tortious interference with a business relationship are the existence of a valid business relation (not necessarily evidenced by an enforceable contract) or expectancy; knowledge of the relationship or expectancy on the part of the interferer; an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been disrupted. One is liable for commission of this tort who interferes with business relations of another, both existing and prospective, by inducing a third person not to enter into or continue a business relation with another or by preventing a third person from continuing a business relation with another."
In Franklin v. Brown, 159 So.2d 893 (Fla. 1st DCA 1964), this court said:
"The intentional and unjustified interference with the advantageous business relationship existing between others which results in injury constitutes a tort under the law of this State ...
* * * * * *
"Even though appellant asserts no cause of action against Welton Smith for breach of contract, this in itself does not bar appellant from asserting a cause of action against appellee if the latter's conduct constitutes a tortious interference with appellant's business relationship with Welton Smith. If by his wanton conduct appellee intentionally destroyed the subject matter of the contract existing between appellant and Welton Smith, or otherwise unlawfully rendered the latter's performance under the contract impossible, appellee would be liable in tort to the same extent as if he had unlawfully induced Welton Smith to breach its contract with appellant."
In Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209 (1935), the Supreme Court said:
"If one maliciously interferes with a contract between two persons, and induces one of them to breach the contract to the injury of the other, the injured party may maintain an action against the wrongdoer, and where the act was intentional, malice will be inferred. To do intentionally that which is calculated in the ordinary course of events to damage, and which in fact does damage, another person in his property or trade, is malicious in the law, and is actionable if it is done without just cause or excuse."
Our sister court of the Third District, in analyzing this Court's opinion in Franklin v. Brown, supra, concluded in John B. Reid and Associates, Inc. v. Jimenez, 181 So.2d 575 (Fla. 3d DCA 1965), that the elements necessary to establish the tort of intentional and unjustified interference with a business relationship are the following:
"First, the existence of a business relationship under which the plaintiff has legal rights. However, it is specially pointed out that this relationship need not be evidenced by an enforceable contract. Second, that in order to secure an advantage, the defendant, by fraud, induces plaintiff's business associate to act in a way which destroys plaintiff's business relationship. It is specifically noted that this inducement may be by means of the concealment of a fact which the circumstances require that the defendant should reveal. Third, that the plaintiff is damaged as a result of the breach of the business relationship."
While in both John B. Reid and Associates, Inc., and Franklin the element of fraud was present, it is not necessarily a required element of this tort. Our sister court of the *644 Fourth District came to this conclusion in J. Rolfe Davis, Inc. v. Symon, 232 So.2d 439 (Fla. 4th DCA 1970). The court there stated:
"Fraud is not a necessary element in every action for an intentional and unjustified interference with an advantageous business relationship. If neither the pleadings nor proof raise it then an instruction on fraud is not required." (Numerous authorities cited.)
Subsequently, the same case was again before the court [Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA 1971)] and it stated the elements of the tort as follows:
"The elements of the tort, then, are: (1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship. Cf., John B. Reid & Associates, Inc. v. Jimenez, Fla.App. 1965, 181 So.2d 575; Mead Corporation v. Mason, Fla.App. 1966, 191 So.2d 592."
The foregoing statement of the elements of this tort were quoted in Nichols v. MoAmCo Corp., 311 So.2d 750 (Fla. 2d DCA 1975).
From our analysis of the question, we conclude that the basic necessary elements to establish tortious interference with a business relationship are the following: The existence of a business relationship not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the interferer; (3) an intentional and unjustified interference with that relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.
All of the foregoing elements are included in the allegations of Smith's second amended counterclaim. It therefore stated a cause of action and the trial court erred in dismissing it. While it would not have been error to enter the final summary judgment had the court properly dismissed the second amended counterclaim, it was error to enter final judgment since the counterclaim was improperly dismissed. If Smith is successful in the prosecution of his counterclaim, any damages awarded to him would be set-off on the bank's suit on the note. Final judgment and execution should await disposition of the entire case.
Reversed and remanded.
BOYER, C.J., and MELTON, HOWELL W., Associate Judge, concur.