455 So.2d 630 (1984)
Donald R. SULLIVAN, Appellant,
v.
ECONOMIC RESEARCH PROPERTIES, etc., and the Talisman Corporation, Appellees.
No. 83-647.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
William H. Morrison, of Jones & Morrison, P.A., Altamonte Springs, for appellant.
Michael J. Sheahan, of Maguire, Voorhis & Wells, P.A., Winter Park, for appellees.
ORFINGER, Judge.
The plaintiff Donald R. Sullivan appeals an adverse judgment after a non-jury trial of his action for specific performance (Count I) and for tortious interference with *631 a contractual relationship (Count II). We affirm.
Sullivan became interested in purchasing a tract of land owned by Economic Research Properties, a partnership, and through his own real estate agent, Sharon Howe, mailed a written offer to Dwayne R. Klein, the managing partner, who lived in the state of Washington. Sullivan's offer provided that the time for acceptance was limited to February 4, 1980, after which date "the aforesaid deposit shall be returned to buyer and this agreement shall be null and void." Klein made several changes to the offer, initialed them and returned the papers to Howe's office. One of the changes made was in the time for acceptance, which he changed to read "February 14, 1980," so as to allow sufficient time for the counter-offer to reach Sullivan via the mails, and for him to execute it.
Although disputed, the trial court apparently chose to believe Sharon Howe's testimony that although the document was received prior to February 14, 1980, and Sullivan had it in his possession for several days, it was not signed by Sullivan until February 18, 1980, on which date it was also mailed to Klein. On February 19, 1980, Klein, having neither received the contract nor been notified of its acceptance, telephoned Howe's office and advised her secretary that he considered the negotiations terminated. He subsequently confirmed this advice by telegram on February 25, 1980, on which date he apparently received the document from Howe's office. He later sold the property to the co-defendant, The Talisman Corporation.
The trial court specifically found that no contract for sale and purchase existed because the "Plaintiff failed to accept timely, within the time specified, the counteroffer for a contract submitted by defendant Economic Research Properties." The final judgment further found that because no contract ever came into existence, plaintiff had no claim for tortious interference with a contractual relationship. We find no error in these findings or conclusions.
It is a generally recognized principle that the acceptance of an offer, to result in a contract, must be absolute and unconditional, identical with the terms of the offer and in the mode, at the place and within the time expressly or impliedly required by the offer. Kendel v. Pontious, 261 So.2d 167 (Fla. 1972), Koplin v. Bennett, 155 So.2d 568 (Fla. 1st DCA 1963). As has been stated by the United States Supreme Court in Waterman v. Banks, 144 U.S. 394, 12 S.Ct. 646, 36 L.Ed. 479 (1892) [quoting Potts v. Whitehead, 20 N.J. Eq. 55 (N.J.Ch. 1869)]:
There can be no question that when an offer is made for a time limited in the offer itself, no acceptance afterwards will make it binding. Any offer without consideration may be withdrawn at any time before acceptance; and an offer which in its terms limits the time of acceptance is withdrawn by the expiration of the time.
There is nothing in the record requiring a deviation from this principle.
Appellant contends that notwithstanding the unenforceability of his agreement with Economic Research, Talisman could still be liable for tortious interference, because an agreement does not have to be enforceable in order for the party interfered with to have a cause of action against one who willfully or maliciously interferes with it, relying on cases such as Allen v. Leybourne, 190 So.2d 825 (Fla. 3d DCA 1966), and Franklin v. Brown, 159 So.2d 893 (Fla. 1st DCA 1964). These cases are clearly distinguishable because there, a contractual arrangement existed which the plaintiff contended the defendant interfered with. Here, on the basis of the court's finding, no such contract existed.
In McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981) this court held that:
The tort of interference with a contract right, similar to interference with a business relationship, is recognized in this jurisdiction. Young v. Pottinger, 340 So.2d 518 (Fla. 2d DCA 1976); Smith v. Ocean State Bank, 335 So.2d 641 (Fla. *632 1st DCA 1976); J. Rolfe Davis, Inc. v. Symon, 232 So.2d 439 (Fla. 4th DCA 1970). The elements of this tort are:
(1) The existence of a contract;
(2) The defendant's knowledge of the contract;
(3) The defendant's intentional procurement of the contract's breach;
(4) Absence of any justification or privilege;
(5) Damages resulting from the breach.
The trial court correctly made no finding on elements 3, 4 or 5 because the first two elements are clearly missing here.
AFFIRMED.
COBB, C.J., and FRANK D. UPCHURCH, Jr., J., concur.