PER CURIAM.
Edward Spigler appeals from a final judgment in an action for breach of contract. We affirm.
Spigler was the general manager of Royal Palm Ice Company, a division of Southeastern Public Service Co., and had worked for Royal Palm for fifteen years. On March 4, 1991, he was notified that his employment would be terminated effective March 8, 1991, unless he agreed to resign and assist his employer in future sales ef *522 forts. Royal Palm provided him with a draft of a “Resignation, Release, and Sales Commission Agreement.” Spigler did not discuss the proposal with his employer, and did not resign. Royal Palm terminated Spi-gler’s employment on March 8, 1991, but advised him that the proposed agreement “could continue to be discussed for the next two weeks until March 22, 1991, in an effort to reach a mutually acceptable agreement.” Spigler signed and returned the draft agreement to Royal Palm on March 22, 1991. Royal Palm never executed the agreement.
Spigler sued to enforce the agreement, and the cause was tried non-jury. The trial court entered judgment for the employer.
The parties did not enter into an enforceable contract. Preliminary negotiations designed to lead to an agreement do not, by themselves, constitute an agreement, as there is no mutuality of obligation or consideration. See Balter v. Pan American Bank of Hialeah, 383 So.2d 256 (Fla. 3d DCA 1980); John I. Moss, Inc. v. Cobbs Co., 198 So.2d 872 (Fla. 3d DCA 1967). The trial court correctly concluded that the draft agreement submitted to Spigler was merely a proposal, was repeatedly referred to as such, and was subject to further negotiations. The evidence supports that view.
AFFIRMED.