736 So.2d 724 (1999)
Robert H. LICKERT, Appellant,
v.
Richard A. PIKE, Appellee.
No. 98-01260.
District Court of Appeal of Florida, Second District.
June 16, 1999.
*725 John H. Fisher, II, Clearwater, for Appellant.
Michael D. Allweiss of Allweiss, Allweiss & Tetreault, St. Petersburg, for Appellee.
WHATLEY, Judge.
Robert H. Lickert appeals a final judgment enforcing a settlement agreement with Richard A. Pike. We conclude that the trial court erred in enforcing the agreement and reverse.
Pike filed a motion to compel enforcement of settlement and attached the alleged settlement agreement. The alleged settlement agreement attached to Pike's motion does not have Pike's signature on it. There are handwritten changes on the agreement and there is no date on the top of the agreement indicating when the agreement was entered. Lickert argues that Pike sent him the agreement, which had not been signed by Pike, and that he made handwritten changes to the agreement, signed the agreement, and sent the agreement back to Pike. Thereafter, he was never notified regarding whether Pike accepted his changes to the agreement. The trial court found that the settlement agreement attached to Pike's motion was an enforceable agreement. We disagree.
Settlement agreements are construed according to the rules governing contracts. See Long Term Management, Inc. v. University Nursing Care Ctr., Inc., 704 So.2d 669 (Fla. 1st DCA 1997). "An acceptance must contain an assent to the same matters contained in the offer." Mintzberg v. Golestaneh, 390 So.2d 759 (Fla. 3d DCA 1980). See Sullivan v. Economic Research Properties, 455 So.2d 630 (Fla. 5th DCA 1984) (holding that an acceptance must be identical to the terms of the offer to result in a binding contract). In addition, an acceptance must be communicated to the offeror. See Kendel v. Pontious, 261 So.2d 167 (Fla.1972); Mintzberg, 390 So.2d 759.
Here, Lickert did not accept the terms of Pike's proposed settlement agreement. He made changes to the agreement and sent it back to Pike. Because Pike never communicated his acceptance of the amended settlement agreement to Lickert and, in fact, never signed the settlement agreement upon which the trial court relied, the agreement was not enforceable.
Accordingly, we reverse and remand this cause for further proceedings consistent with this opinion.
FULMER, A.C.J., and STRINGER, J., Concur.