791 So.2d 38 (2001)
Tracy GIOVO, Appellant,
v.
Jack McDONALD, Penny McDonald, and Brandi McDonald, Appellees.
No. 2D00-2837.
District Court of Appeal of Florida, Second District.
May 30, 2001.
Rehearing Denied July 24, 2001.
*39 Louis K. Rosenbloum, P.A., Pensacola, and Samuel S. Mehring, Jr., of the Law Offices of Samuel S. Mehring, Jr., Tampa, for Appellant.
Keith Carter of Gray, Harris, Robinson, Shackleford, Farrior, P.A., Tampa, for Appellees.
NORTHCUTT, Judge.
In a final summary judgment the circuit court determined that Tracy Giovo's suit for damages arising from an automobile accident was foreclosed by an enforceable settlement agreement. However, the undisputed facts demonstrate that such was not the case.
On August 21, 1998, Giovo was involved in an intersection collision with a car driven by Brandi McDonald with the consent of the car's owners, Jack and Penny McDonald. In the weeks following the accident Giovo's attorney and the McDonalds' insurer, Government Employees Insurance Company, exchanged offers and counteroffers to settle Giovo's negligence claim. GEICO eventually offered to meet all of Giovo's settlement conditions, save her demand to be paid $18 per day from the date of the accident for the loss of use of her vehicle. As to this, GEICO proposed to pay $10 per day from the date of the accident through October 31, 1998, for a total of $720.
Giovo rejected GEICO's proposal, then filed a negligence action against the McDonalds. In their answer, the McDonalds contended the matter had been settled. On cross-motions for summary judgment on the settlement issue, the circuit court held that, indeed, the parties had settled the claim. In its written order the court invoked the principle that an agreement which is complete as to its "essential terms" is enforceable even though the agreement fails to anticipate every contingency or spell out every incidental detail. See Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985). The court noted that the accident had rendered Giovo's car a total loss. Reasoning that loss-of-use damages are not recoverable in actions involving total losses of property, the court posited that the sum to be paid Giovo for this aspect of her claim was not an essential element of the parties' bargain. Therefore, the parties had reached an enforceable *40 settlement notwithstanding their failure to agree on this issue. The order pointed out that "[i]f the Defendants, within the statute of limitations, breach their contractual promise to pay $107,498.52, Giovo may then bring an action for breach of contract or other cause of action that may arise therefrom." The mentioned figure included GEICO's proposed payment of $720, or $10 per day, for the loss of use of Giovo's car.
On appeal Giovo challenges the circuit court's premise that loss-of-use damages may not be recovered in suits involving total losses of property, and she makes a colorable argument to the contrary. We need not decide this issue, however, for regardless of whether the circuit court's premise was correct, the court was mistaken to rely on it. Parties are free to contract for any terms not prohibited by law or contrary to public policy. Emergency Assocs. of Tampa, P.A. v. Sassano, 664 So.2d 1000 (Fla. 2d DCA 1995). The circuit court implicitly recognized this when it included payment for loss of use in its description of the parties' enforceable agreement. Therefore, whether a particular aspect of an agreement qualifies as an "essential term" does not hinge on whether a court could grant the same benefit in a lawsuit.
Certainly, what is an "essential term" of a contract differs according to circumstances. But, surely, it must include the terms specified in an offer to make a contract. This is because an acceptance is effective to create a contract only if it is absolute and unconditional, and identical with the terms of the offer. Ribich v. Evergreen Sales & Serv., Inc., 784 So.2d 1201(Fla. 2d DCA 2001). In other words, an acceptance must contain an assent to the same matters contained in the offer. Lickert v. Pike, 736 So.2d 724 (Fla. 2d DCA 1999) (citing Mintzberg v. Golestaneh, 390 So.2d 759 (Fla. 3d DCA 1980)). The party seeking judgment based on a settlement has the burden to prove assent by the opposing party and must establish that there was a meeting of the minds or mutual or reciprocal assent to certain definite propositions. Robbie, 469 So.2d at 1385; Ribich, 784 So.2d 1201 .
In this case, Giovo's last offer specified that she be paid $18 per day for the loss of the use of her car. GEICO's response, proposing to pay only $10 per day through a date certain, manifestly was not identical to nor did it assent to the definite propositions contained in Giovo's offer. As such, it was a counteroffer which operated as a rejection of Giovo's offer and which Giovo was not obligated to accept. Ribich, 784 So.2d 1201; Padron v. Plantada, 632 So.2d 113 (Fla. 3d DCA 1994). Based on the undisputed facts of record the circuit court should have denied the McDonalds' motion for summary judgment on their settlement defense and should have granted Giovo's motion.
Reversed and remanded for further proceedings.
PATTERSON, C.J., and DAVIS, J., concur.