RAMIREZ, J.
This is an appeal of an order that enforces a settlement agreement and enters final summary judgment. Because the acceptance of the offer did not mirror the offer as made, we reverse.
In 2001, appellants Olga Sorocka, Walter Sorocka, and Kristina Sorocka were in *389 jured in an automobile accident. A month later, their attorney sent a letter to Ams-tar Insurance Company, appellee Patrick Severe’s insurance carrier in which the Sorockas offered to settle the bodily injury claims for $20,000.00, the limit on Severe’s insurance policy. They also stated that they had a property damage claim for $750.00 for lost property. The demand contained a certain time and date within which it had to be accepted, and the documents and checks delivered. Amstar timely delivered a release and checks that totaled $20,000.00, but they never accepted nor paid for the property damage.
Amstar argues on appeal that they were free to settle the bodily injury claim and leave open the property damage aspect of the claim, simply because the So-rockas’ offer did not specify that both claims had to be accepted. We cannot agree that the settlement of only one aspect of a claim constitutes a full settlement.
An acceptance is effective to create a contract only if it is absolute and unconditional, and identical with the terms of the offer. See Giovo v. McDonald, 791 So.2d 38, 40 (Fla. 2d DCA 2001); Ribich v. Evergreen Sales & Serv., Inc., 784 So.2d 1201 (Fla. 2d DCA 2001). In other words, an acceptance must contain an assent to the same matters contained in the offer. See Lickert v. Pike, 736 So.2d 724 (Fla. 2d DCA 1999). See also Mejer-Kondla v. Douglas Centre, Inc., 701 So.2d 126 (Fla. 3d DCA 1997) (reversing because the trial court improperly found a settlement agreement when there remained material differences regarding the essential elements of the proposed agreement); Metropolitan Dade County v. Estate of Hernandez, 591 So.2d 1124 (Fla. 3d DCA 1992); Theocles v. Lytras, 518 So.2d 936 (Fla. 3d DCA 1987); Gaines v. Nortrust Realty Mgmt., Inc., 422 So.2d 1037 (Fla. 3d DCA 1982). And see Cheverie v. Geisser, 783 So.2d 1115, 1119 (Fla. 4th DCA 2001) (“Generally, the acceptance of an offer which results in a contract must be absolute and unconditional, identical with the terms of the offer, and in the mode, at the place, and within the time expressly or impliedly stated within the offer. Thus, ‘[an] acceptance must contain an assent to the same matters contained in the offer.’ ” (citation omitted)).
We stated in DiMase v. Aquamar 176, Inc., 835 So.2d 1150, 1157 (Fla. 3d DCA), reh. granted, 835 So.2d 1158 (Fla. 3d DCA 2003) that “what is an ‘essential term’ must be evaluated on a case-by-case basis.” Here, the Sorockas only had two claims, one for personal injury and the other for property damage. We fail to see how one of those claims is not an “essential term” to the Sorockas’ offer. Amstar cannot pick off Sorockas’ claims individually, settling one aspect of the case, then leave them to file suit in small claims court for their other claim. See Giovo, supra (holding that an acceptance that did not agree to the rental car portion of a claim did not constitute a settlement).
Reversed and remanded.