902 So.2d 836 (2005)
Michael S. MONTGOMERY and Laurie E. Montgomery, Appellant,
v.
Norma ENGLISH, Appellee.
Nos. 5D03-3404, 5D03-3671.
District Court of Appeal of Florida, Fifth District.
April 8, 2005.
Rehearing Denied June 1, 2005.
*837 Allan P. Whitehead of Frese, Nash & Hansen, P.A., Melbourne, for Appellant.
Jon E. Kane and Chad K. Alvaro of Mateer & Harbert, P.A., Orlando, for Appellee.
PALMER, J.
In this consolidated appeal, Michael and Laurie Montgomery appeal (1) the trial court's final judgment entered in favor of Norma English ("English") on her claim for specific performance of a real estate contract (Case No. 03-3404); and, (2) the trial court's final judgment on attorney's fees and costs rendered in favor of English (Case No. 03-3671). Concluding that the undisputed evidence of record shows no enforceable contract was entered into between the parties, we reverse both orders.
English filed suit against the Montgomerys alleging a claim for specific performance and damages arising from the Montgomerys' alleged breach of a contract for the sale of their home. The Montgomerys answered denying liability, arguing that no contract was ever entered into by the parties due in substantial part to the fact that the parties had never reached a meeting of the minds.
Following discovery, the Montgomerys filed a motion seeking summary judgment. In their motion, the Montgomerys argued that the record conclusively demonstrated that the parties never entered into an enforceable contract. The Montgomerys argued that there had been no meeting of the minds because the Montgomerys had countered the offer submitted by English by making certain changes to the proposed contract of sale, but English failed to deliver an initialed contract back to them.
The trial court entered an order summarily denying the Montgomerys' summary judgment motion and the matter eventually proceeded to trial before a jury. Upon review of the evidence presented, the jury entered a verdict in favor of English on her breach of contract claim. The trial court entered judgment in accordance with the jury's verdict and ordered specific performance of the contract. The court also awarded English contractual attorneys' fees. These appeals timely followed.
The Montgomerys argue that the trial court erred in denying their motion for summary judgment because the record demonstrated that there had been no meeting of the minds between the parties as to the essential terms of the contact. We agree.
Florida employs the "mirror image rule" with respect to contracts. Under this rule, in order for a contract to be formed, an acceptance of an offer must be absolute, unconditional and identical with the terms of the offer. Sullivan v. Econ. Research Properties, 455 So.2d 630 (Fla. 5th DCA 1984). See also Holloway v. Gutman, 707 So.2d 356 (Fla. 5th DCA 1998)(holding that acceptance must be of the identical terms of the offer).
*838 Review of the record reveals that several issues of material fact were undisputed. In that regard, the parties agreed that this case arose from a dispute over the sale of a home owned by the Montgomerys. They further agreed that English submitted, through her real estate agent, an offer to pay the Montgomerys $272,000.00 for their home. English included in her offer a request to purchase several items of the Montgomerys' personal property and also indicated on the offer that an "As Is" rider was applicable to the transaction.
After the Montgomerys received English's offer, they made several changes to the document, including (1) deleting certain items from the personal property section of the contract; (2) deleting a provision regarding latent defects; (3) deleting a provision regarding building inspections; and, (4) adding a specific "As Is" rider. The Montgomerys signed their counteroffer[1] and delivered it to English's real estate agent, Melanie Brown. Brown took the counteroffer to English later that same day. English initialed some, but not all, of the Montgomerys' suggested changes. Specifically, English did not initial the changes set forth by the Montgomerys in the personal property section of the document or explicitly confirm her acceptance of those terms by cover letter or otherwise. Brown thereafter faxed the document to the Montgomerys' attorney.
Applying the mirror image rule to these undisputed facts we hold that, as a matter of law, the parties failed to reach an agreement on the terms of the contract and, therefore, no enforceable contract was created.
As such, the Montgomerys were entitled to receive summary judgment in their favor. Accordingly, the trial court's final judgment is reversed and the case is remanded with instructions to enter a judgment in favor of the Montgomerys. Furthermore, the instant attorneys' fees order must also be reversed as it was premised upon a prevailing party attorneys' fee provision in the real estate contract.
REVERSED and REMANDED with instructions.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] See Racing Properties, L.P. v. Baldwin, 885 So.2d 881 (Fla. 3d DCA 2004).