979 So.2d 386 (2008)
FRANKLIN POND, INC., and Tom Dougherty, etc., Appellant,
v.
Alan T. RICCI and Paula M. Ricci, Appellees.
No. 5D07-3192.
District Court of Appeal of Florida, Fifth District.
April 18, 2008.
*387 Fred A. Morrison, of McLin, Burnsed, Leesburg, for Appellant.
William N. Asma, of William N. Asma, P.A., Winter Garden, for Appellee.
EVANDER, J.
This is an appeal from the involuntary dismissal of a suit for specific performance of a real estate contract. The trial court dismissed the case at the close of the plaintiffs' evidence finding that the plaintiffs/purchasers had failed to present sufficient evidence to establish a written contract between the purported parties based on a meeting of the minds as to all terms. We affirm.
Attorney Tom Dougherty was the plaintiffs' only witness who testified as to the negotiations and subsequent execution of the purported contract. Mr. Dougherty was the attorney for his mother, Kathleen Dougherty, and his fiancée's solely-owned corporation, Franklin Pond, Inc. He testified that Kathleen Dougherty and Franklin Pond, Inc., had funds available from the first part of a § 1031[1] tax-deferred exchange. According to Mr. Dougherty, in a § 1031 exchange, property is sold and the proceeds are placed in escrow with a "qualified intermediary." The intermediary holds the funds until the seller identifies a parcel of replacement property, at which time the funds are used to acquire the replacement property and the taxable gain from the first sale is sheltered by reinvestment into the second parcel. The time within which a replacement property must be identified and acquired is limited by the Internal Revenue Code.
Mr. Dougherty had engaged in prior business transactions with Alan and Paula Ricci. He was aware that the Riccis were attempting to sell a certain seven-acre parcel of land. In early May, 2005, Mr. Dougherty advised Mr. Ricci that he was "looking for 1031 property for my mother and Franklin Pond." On May 12, 2005, at approximately 2:30 p.m., Mr. Ricci arrived unexpectedly at Mr. Dougherty's office. Mr. Ricci presented Mr. Dougherty with a proposed contract to sell the subject parcel for 1.5 million dollars. The proposed contract had been executed by Mr. and Mrs. Ricci. Mr. Dougherty was leaving for the *388 airport at 4:00 p.m. that day, but decided to try to reach an agreement before his departure. Mr. Dougherty reviewed the proposed contract and then made several changes to the document. Mr. Ricci inserted the names of Franklin Pond, Inc. and Kathleen Dougherty as the prospective purchasers. The required deposit was reduced from $150,000 to $20,000. (An additional $130,000 was to be paid at closing, while the balance was to be paid over time with the sellers holding the first mortgage.) Additionally, the right of the Riccis to lease-back a portion of the subject parcel and the cost for doing so was modified. Mr. Dougherty and Mr. Ricci "signed off" on the various changes. Significantly, there was no evidence that Mrs. Ricci ever agreed to the changes or was even made aware of them.
Mr. Dougherty signed the purported contract on behalf of Kathleen Dougherty and Franklin Pond, Inc. He testified that he had been "engaged to represent them in the 1031" and that he had authority to act on their behalf. However, no evidence was presented that either Kathleen Dougherty or Franklin Pond, Inc., had ever expressly authorized Mr. Dougherty to execute the purported contract on their behalf. Indeed, there was no evidence that Kathleen Dougherty or Franklin Pond, Inc.'s sole shareholder were ever made aware that Mr. Dougherty was negotiating to purchase the subject real property on their behalf. Mr. Dougherty further acknowledged that there were no written documents authorizing him to execute any purchase contracts on behalf of Kathleen Dougherty or Franklin Pond, Inc.
After Mr. Dougherty and Mr. Ricci had initialed the changes to the purported contract, Dougherty arranged for the $20,000 deposit to be paid by the qualified intermediary to Mr. Ricci. The purported contract provided for a closing date of May 18, 2005  a mere six days later. Furthermore, the document included a "time is of the essence" provision.
On May 17th, Mr. Dougherty learned of a title defect. Specifically, the deed given to the Riccis by the prior owners had a ten-foot error in the legal description. Notwithstanding various communications between Mr. Dougherty and Mr. Ricci, this title defect was never cured. No title commitment was ever delivered and no closing took place. Eventually, the $20,000 deposit was returned to Mr. Dougherty.
In April, 2007, Kathleen Dougherty and Franklin Pond, Inc. filed their suit for specific performance. Ms. Dougherty subsequently assigned her interest in the purported contract to her son and he was substituted as a plaintiff. We find no error in the trial court's dismissal of the plaintiffs' action.
First, the evidence was insufficient to establish that Mrs. Ricci had ever agreed to the terms of the purported contract. Mrs. Ricci had executed the original proposed contract. The changes made by Mr. Dougherty to the proposed contract constituted a counteroffer. Montgomery v. English, 902 So.2d 836 (Fla. 5th DCA 2005). There was no evidence that Mrs. Ricci accepted the counteroffer. We reject the plaintiffs' argument that Mr. Ricci had the apparent authority to act on behalf of Mrs. Ricci as reflected by his delivery to Mr. Dougherty of a proposed contract signed by Mrs. Ricci. Mrs. Ricci's execution of the original proposed contract reflected that she agreed to be bound by the terms of that proposed contract. The fact that Mr. Ricci hand-carried the original proposed contract to Mr. Dougherty is clearly insufficient to establish that Mrs. Ricci had authorized Mr. Ricci to agree to materially different terms on her behalf. We also reject the plaintiffs' contention that the evidence was sufficient to *389 establish that Mrs. Ricci had ratified the purported contract. As noted previously, there was no evidence that Mrs. Ricci was even aware of the changes made to the document that she had executed.
Second, the evidence was insufficient to establish that Mr. Dougherty had the authority to execute a purchase contract on behalf of Kathleen Dougherty and Franklin Pond, Inc. Mr. Dougherty testified that he had been engaged to represent Kathleen Dougherty and Franklin Pond, Inc. in a § 1031 exchange and that he had the authority to act on their behalf. However, an attorney has no implied authority to execute a contract for the sale or purchase of real property. Rushing v. Garrett, 375 So.2d 903 (Fla. 1st DCA 1979). Express authorization is required. Id. Here, as previously noted, there was no evidence that either Kathleen Dougherty or Franklin Pond, Inc. had expressly authorized Mr. Dougherty to execute a purchase contract on their behalf.
The trial court properly granted the Riccis' motion for involuntary dismissal. The evidence presented by the plaintiffs was simply insufficient to show that Kathleen Dougherty, Franklin Pond, Inc., or Mrs. Ricci had agreed to, or were otherwise bound by, the terms set forth in the purported contract.
AFFIRMED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] 26 U.S.C.A. § 1031.