PER CURIAM.
 

 The dispositive issue on appeal is whether the trial court erred in concluding that a binding settlement agreement had been reached before the lawsuit was filed. Based upon the undisputed facts memorialized in letters between the parties, the trial court granted summary judgment on Appellant’s claim for bodily injuries arising from a motor vehicle accident. We conclude that the purported acceptance of the settlement offer did not mirror the offer and, therefore, did not create a binding contract of settlement. Accordingly, we reverse the summary judgment.
 

 Appellant allegedly suffered bodily injuries and property damage as a result of a motor vehicle accident with Appellee, Emel Manavoglu. Appellant claimed Emel Manavoglu negligently operated her vehicle. At the time of the accident, Appellees were insured under an automobile liability policy issued by Allstate Indemnity Company. Shortly after the accident, Appellant hired an attorney, Jay M. Fisher, to represent her. Mr. Fisher immediately sent a letter to Allstate, informing the insurer of his representation of Appellant “in a claim for injuries and damages as a result of [the] accident” with Emel Manavoglu, and requesting certain insurance information pursuant to section 627.4137, Florida Statutes (2007). Allstate responded by letter on January 15, 2007, confirming receipt of Mr. Fisher’s correspondence. Allstate included an “Affidavit of Insurance” with its letter, reflecting the coverage limits of Appellees’ policy on the date of the accident. It did not include a copy of the policy, as requested, however, it indicated that it would forward a copy of the policy once received. In another letter dated that same day, an adjuster wrote to Mr. Fisher to inform him that he would be handling Appellant’s claim. The contents of the adjuster’s letter acknowledged that Appellant was making both bodily injury and property claims.
 

 After receiving a copy of Appellees’ insurance policy, Mr. Fisher extended a written offer to settle Appellant’s bodily injury claim. The offer stated that “actual performance [was] required for acceptance” and included three requirements: (1) “a check for all available policy limits”; (2) “all items described in Florida Statutes 627.4137”; and (3) “a general BI release of your insureds, ready for [Appellant’s] signature[.]”
 

 In response to Mr. Fisher’s letter, Allstate sent a letter promising to tender the policy limits “in full, final and complete settlement of [Appellant’s] claim(s) arising out of the accident which occurred on January 4, 2007.” The letter further indicated that the enclosed release was “appropriate to [Appellant’s] claim”; however, Allstate acknowledged that “[n]ot all release forms precisely fit the facts and circumstances of every claim” and noted that it did “not consider the release a document which create[d] any new terms or conditions governing [the] resolution of [Appellant’s] claim(s).” The proposed release indicated that the $10,000 settlement would resolve “any and all claims” arising out of the January 4 accident. The release also contained a provision that Appellant agreed to “indemnify and hold harmless [Appellees] and Allstate Indemnity Company from any ... validly asserted lien, claim of lien or right of reimbursement or subrogation, if later asserted as a result of failure to fully resolve any valid lien, subrogation claim or
 
 *303
 
 assignment of benefit.” Allstate subsequently forwarded a check for $10,000, along with a letter stating that the payment was for Appellant’s “claim arising from bodily injury caused by accident on 01/04/07[.]” Appellant did not cash the cheek and no further correspondence was exchanged between the parties for nearly six months.
 

 On December 6, 2007, Mr. Fisher returned the check, indicating that, because Allstate had not complied with the offer, he would be filing a lawsuit. Once the lawsuit was filed, Appellees raised the ostensible settlement as an affirmative defense. The parties filed cross-motions for summary judgment regarding the issue of the settlement agreement. After a hearing, the trial court entered separate orders denying Appellant’s motion and granting Appellees’ motion. The trial judge concluded that the bodily injury claim had been settled presuit. We disagree.
 

 The law of contracts is applied to resolve issues regarding the formation of a binding settlement agreement.
 
 See Robbie v. City of Miami,
 
 469 So.2d 1384, 1385 (Fla.1985) (“settlements, of course, are governed by the rules for interpretation of contracts”);
 
 ABC
 
 Liquors,
 
 Inc. v. Centimark Corp.,
 
 967 So.2d 1053 (Fla. 5th DCA 2007) (“settlement agreements are governed by the rules of contract interpretation”). To be binding, mutual assent as to all essential terms is required.
 
 King v. Bray,
 
 867 So.2d 1224, 1228 (Fla. 5th DCA 2004) (citing
 
 David v. Richman,
 
 568 So.2d 922, 924 (Fla.1990)). Mutual assent does not mean that two minds must agree on one intention; rather, the formation of a contract depends on the parties having said the same thing, not on their having meant the same thing.
 
 Gendzier v. Bielecki,
 
 97 So.2d 604, 608 (Fla.1957).
 

 For acceptance of an offer to bind the maker of the offer, it “must be absolute, unconditional, and identical with the terms of the offer.”
 
 Montgomery v. English,
 
 902 So.2d 836, 837 (Fla. 5th DCA 2005) (citing
 
 Sullivan v. Econ. Research Props.,
 
 455 So.2d 630, 631 (Fla. 5th DCA 1984)). Thus, an acceptance must contain an assent to the essential terms contained in the offer.
 
 Giovo v. McDonald,
 
 791 So.2d 38, 40 (Fla. 2d DCA 2001). What constitutes the essential terms of a given contract differs according to circumstances, but they “must include the terms specified in an offer to make a contract.”
 
 Id.
 

 Here, the offer contained three essential terms: (1) a check for the policy limits; (2) the items described in section 627.4137, Florida Statutes; and (3) a “general BI release.” That a cheek for the policy limits was mailed is not in dispute. What is in dispute is whether the release provided by Allstate was consistent with the “general BI release” required in the offer; and whether the policy and other insurance documentation provided by Allstate satisfied Appellant’s request for “all items described in Florida Statutes 627.4137.”
 

 Clearly, the release tendered by Allstate did not meet the dictates of the offer. The offer was expressly conditioned upon acceptance by performance, which included the provision of a “ready for signature” release to settle the claim for bodily injury only. The tendered release purported to encompass all claims arising from the accident, and included indemnification language, a new term, not contained within the offer.
 
 See Nichols v. Hartford Ins. Co. of the Midwest,
 
 834 So.2d 217, 219 (Fla. 1st DCA 2002) (indemnification language is essential term, requiring assent to form settlement contract). As such, the so-called acceptance was nothing more than a counter-offer, and Appellant was not bound by it in the absence of a man
 
 *304
 
 ifestation of assent to the additional terms.
 
 Mehler v. Huston,
 
 57 So.2d 836, 837 (Fla.1952).
 

 Based on our conclusion on the release issue, it is unnecessary that we address the issue of whether Allstate complied with the statutory request for information.
 

 REVERSED AND REMANDED.
 

 GRIFFIN, TORPY and EVANDER, JJ., concur.