# Third District Court of Appeal
## State of Florida

Opinion filed March 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0969
Lower Tribunal No. 18-16882
_____

**Marisol Ayala Vera,**
Appellant,

vs.

**Rene Ricardo Diaz Toledo,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Law Offices of Karim Batista, P.A., and Karim Batista, and Tyler Miller, for appellant.

Gulisano Law, PLLC, and Michael Gulisano (Boca Raton), for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Marisol Ayala Vera, the former wife, appeals from a final judgment dissolving her marriage to appellee, Rene Ricardo Diaz Toledo, the former husband, and enforcing the terms of a marital settlement agreement. The primary issue on appeal is whether a preliminary letter penned by the former husband's counsel, which conspicuously stated it was "an offer to enter into settlement negotiations" and "not a strict contract offer that [could] comprise a contract upon acceptance," but instead "an offer to negotiate on the general terms set forth herein which can only be concluded and construed to be a binding agreement upon rendition of a specific independent written instrument signed by both of the parties," was subject to acceptance and court-ordered enforcement under contractual principles. Putting aside the fact that the purported acceptance did not mirror the proposal, a well-settled body of legal authority compels the conclusion the letter was merely an invitation to negotiate. See Spigler v. Se. Pub. Serv. Co., 610 So. 2d 521, 522 (Fla. 3d DCA 1992) ("Preliminary negotiations designed to lead to an agreement do not, by themselves, constitute an agreement, as there is no mutuality of obligation or consideration."); Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC, 196 So. 3d 557, 563 (Fla. 4d DCA 2016) (same); 17A Am. Jur. 2d Contracts § 49 (2023) ("An invitation to enter into negotiations is not an offer . . . ."); Leesburg Cmty. Cancer Ctr.

2

v. Leesburg Reg'l Med. Ctr., Inc., 972 So. 2d 203, 206 (Fla. 5th DCA 2007) ("[N]o person . . . is bound by a contract absent the essential elements of offer and acceptance . . . ."); see also Knowling v. Manavoglu, 73 So. 3d 301, 303 (Fla. 5th DCA 2011) (quoting Montgomery v. English, 902 So. 2d 836, 837 (Fla. 5th DCA 2005)) ("For acceptance of an offer to bind the maker of the offer, it 'must be absolute, unconditional[ ] and identical with the terms of the offer.'"); Pena v. Fox, 198 So. 3d 61, 63 (Fla. 2d DCA 2015) ("[T]he acceptance must be a 'mirror image' of the offer in all material respects, or else it will be considered a counteroffer that rejects the original offer."); Thomas v. Thomas, 304 So. 3d 819, 820–21 (Fla. 1st DCA 2020) (same). Indeed, to find otherwise would defeat the plain language of the letter. Accordingly, we reverse the final judgment under review and remand for further proceedings consistent herewith.

Reversed and remanded.